57534, 57535. PEPPERS v. SMITH et al. (two cases).

Smith, Judge.
We granted this interlocutory appeal to determine whether a mother, divorced from her husband, with lawful custody of her minor child, has a cause of action in tort for loss of services and for medical, funeral and burial expenses arising out of the alleged wrongful death of such child. The trial judge, answering this question in the negative, struck the portions of the complaint demanding recovery for these items. We reverse.

1. Code § 53-511 states: "If a tort shall be committed upon the person or reputation of the wife, the husband or wife may recover therefor; *if the wife shall be living separate from the husband, she may sue for such torts and also torts to her children, and recover the same to her use.*" (Emphasis supplied.) "The statute only requires the wife to be living separate from the husband in order to give her the right of action . . ." *Amos v. Atlanta R. Co.,* 104 Ga. 809, 814 (31 SE 42) (1898).

Appellees argue that, notwithstanding Code § 53-511, a mother may not maintain an action for loss of

services and for medical, funeral, and burial expenses unless the father of the child has lost his parental power. In support of this position appellees cite Code § 74-108, which provides: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power shall be lost by: 1. Voluntary contract, releasing the right to a third person. 2. Consenting to the adoption of the child by a third person. 3. Failure of the father to provide necessaries for his child, or his abandonment of his family. 4. Consent of father to the child's receiving the proceeds of his own labor, which consent shall be revocable at any time. 5. Consent to the marriage of the child, who thus assumes inconsistent responsibilities. 6. Cruel treatment of the child." Appellees assert that Code § 74-108 is applicable to the case at bar under *Cohen v. Sapp,* 110 Ga. App. 413, 414 (138 SE2d 749) (1964), which held: "Under Code § 74-108, the right of action to recover damages for loss of services and medical expenses arising from tortious injury to a minor is in the father; and it is only in the event that the father has lost his parental power that 'the mother, living separately from the father, and having the entire custody of their minor child, is entitled to the services of the child and the proceeds of his labor, and, in case of a tort to the child, may sue for and recover the same to her use' . . ." We agree with appellees that under *Cohen v. Sapp,* supra, appellant could not maintain this action without the loss of parental power by the father. However, we do not believe that *Cohen v. Sapp,* supra, is an accurate statement of the law and we overrule it insofar as it permits a mother to recover loss of services and medical expenses arising out of a tortious injury to her minor child "only" in the event that the father has lost his parental power.

Where a father has lost his parental power, as in the case of abandonment, it is well settled that the mother rather than the father is entitled to bring an action for loss of services and for medical expenses resulting from a tortious injury to the child. *King v. Southern R. Co.,* 126 Ga. 794, 796 (55 SE 965) (1906). However, this is not to say that the right of the mother to maintain an action is conditioned upon the loss of parental power by the father.

Under Code § 53-511, the fundamental requirement relating to recovery for tortious injury to a child is that the mother be living apart from her husband. *Amos v. Atlanta R. Co.*, supra. We do not believe that Code § 74-108 effects a change in this requirement. Although abandonment of the family may satisfy the language of Code § 53-511, requiring that the mother and husband be living apart, there is no independent requirement of abandonment contained in that section. Moreover, we do not construe Code § 74-108 to operate against the mother by giving the father a right of control over the child and a right to the proceeds of a child's labor regardless of legal custody. Indeed a contrary construction would raise serious constitutional questions under the equal protection clause of the U. S. Constitution.[1]

We conclude that the trial judge erred in striking the portions of the complaint seeking recovery for loss of services and for medical, funeral, and burial expenses.

2. In addition to the action brought in her own behalf, appellant also brought an action for medical, funeral, and burial expenses as administratrix of her deceased son's estate. Appellant, in her brief, makes it clear that her appeal in this case is contingent upon an affirmance of the trial court's determination that appellant may not maintain an action to recover medical, funeral, and burial expenses in her own behalf. Because we have determined that appellant may maintain such an action, the action brought by appellant as administratrix

---

[1]We note that Code § 74-108 has recently been amended to read as follows: " . . . (a) Until majority, the child shall remain under the control of the parents, who are entitled to his services and the proceeds of his labor. In the event that a court has awarded custody of the child to one parent, only the parent who has custody of the child is entitled to his services and the proceeds of his labor . . ." Ga. L. 1979, pp. 466, 493-494. This amendment was no doubt motivated in part by a legislative desire "to change certain discriminatory provisions of Georgia law, so as to provide for equal protection under the law . . ." Ga. L. 1979, p. 466.

of her deceased son's estate must be deemed abandoned, and the order of the trial court striking the complaint in its entirety must stand.

*Judgment reversed in Case No. 57534. Judgment affirmed in Case No. 57535. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Banke, Birdsong, Underwood and Carley, JJ., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED OCTOBER 11, 1979 —

*Frank M. Gleason, John W. Davis, Jr.,* for appellant. *James S. Kilpatrick, Dennis Watson,* for appellees.