60344. McDANIEL v. BLISS.

DEEN, Chief Judge.

This was an action by McDaniel against Bliss alleging that the negligence of Bliss caused injuries to the plaintiff's minor son, and seeking damages for loss of services and medical bills. The defendant moved for and was granted summary judgment on the ground that the cause of action, if one exists, lies in the mother of the injured child to the exclusion of the father, by reason of the fact that the parties are divorced and the mother has been awarded custody of the child.

We affirm, as the case is controlled by *Peppers v. Smith,* 151 Ga. App. 680 (261 SE2d 427) (1979). Since the injuries resulted from a collision occurring on March 21, 1979, prior to the effective date of Ga. L. 1979, pp. 466, 493, amending Code § 74-108, the pertinent statutes now codified as § 74-108 and § 53-511 have remained unchanged for purposes of this suit since the original Code of 1861. The latter section provided that a wife living separate from her husband may sue and recover to her own use for torts to her children. The former specified that until majority the father was entitled to the services of his child unless his parental power was lost in one of the ways specified in the statute. Loss of custody in divorce proceedings was not so specified. The present Code § 53-511 was applied in *Amos v. Atlanta R. Co.,* 104 Ga. 809 (3) (31 SE 42) (1898) to allow a mother to recover for lost services to her minor son where the father had abandoned the family (one of the ways specified as resulting in loss of parental power under Code § 74-108). The question then remained as to who would be the proper parent to bring such an action when the parents were divorced, custody had been placed in the mother by judicial decree, but the father's parental power had not otherwise been lost. Overruling a prior case this court held (*Peppers v. Smith,* 151 Ga. App. 680, 682, supra, cert. denied Oct. 31, 1979) as follows: "Moreover, we do not construe Code § 74-108 to operate against the mother by giving the father a right of control over the child and right to the proceeds of the child's labor regardless of legal custody." The decision thus anticipated the statutory law now in effect.

The right of action in this case lies in the mother of the minor child, and the trial court properly granted the defendant's motion for summary judgment on this ground.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted September 8, 1980 — Decided
October 21, 1980.

*E. Graydon Shuford,* for appellant.
*William A. Dinges,* for appellee.