### 36785. ATLANTA CASUALTY COMPANY v. JONES.

PER CURIAM.

The five-year-old daughter of plaintiff, Catherine Jones, was struck by an automobile insured by the defendant insurance company, Atlanta Casualty. Plaintiff sought recovery under the insurance contract for expenses she incurred in the medical treatment of her daughter. Payment was not made by the insurance company until more than 60 days had elapsed since reasonable proof of loss was made. Plaintiff brought suit to recover medical expenses and further sought attorney fees and penalty and punitive damages under Code Ann. § 56-3406b for the late payment of benefits. The trial court awarded plaintiff $2,500 in medical expenses (which it gave credit for having been paid), $4,500 in attorney fees and $15,000 in punitive damages. Atlanta Casualty appeals and we affirm.

1. In its first enumeration, Atlanta Casualty contends that "the trial court erred in overruling Atlanta Casualty's motion to dismiss on the grounds that appellee Catherine Jones was not the real party in interest." We disagree.

Code Ann. § 56-3406 (b) provides in pertinent part: "In the event the [insurance] company fails to pay each benefit when due, the

person entitled to such benefits may bring an action to recover them . . . ." The dispute in the instant case as to whether appellee is the real party in interest centers on the meaning of the term "person entitled" to benefits.

Appellant argues that the "person entitled" to benefits is the injured "insured," who in this case is appellee's child.[1] In support of this argument, appellant cites Code Ann. § 56-3407b (Persons entitled to benefits), which provides: "The insurer of a motor vehicle with respect to which security is required by section 3 shall pay basic no-fault benefits without regard to fault for economic loss resulting from: (a) accidental bodily injury sustained within the United States of America, its Territories or Possessions, or Canada by the insured and spouse and children if residing in the insured's household and the relatives of either if resident of the insured's household while occupying any motor vehicle, or while a pedestrian as the result of being struck by a motor vehicle . . ."

Although the "person entitled" to no-fault benefits typically will be the injured "insured," these terms are not synonymous.[2] Appellee, the divorced mother of an injured "insured," was legally obligated to provide necessaries for her minor child (Code Ann. § 74-108) and has in fact assumed her legal obligation in the instant case. Had this been an action in tort against the individual who struck her child, appellee would have been entitled to maintain an action in her own right and recover a judgment "to her use." Code Ann. § 53-511; *Peppers v. Smith,* 151 Ga. App. 680 (261 SE2d 427) (1979). In view of the well settled rule "that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; that they are to be

---

[1] Code Ann. § 56-3402b (b) provides: "The term 'insured' shall include, in addition to the insured named in the policy, his spouse and children if residing in the same household, the relatives of either if residents of the named insured's household, any pedestrian struck by the insured vehicle and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse. The term 'insured' shall also include the named insured, spouse and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is not similarly insured as required by section 56-3403b(b)." Code Ann. § 56-3402b(g) defines "pedestrian" as "any person not occupying a motor vehicle or a motorcycle or any other motor driven vehicle designed primarily for operation upon the public streets, roads and highways, or not in or upon a vehicle operated on stationary rails or tracks or aircraft." Since appellee's child was a "pedestrian" struck by an "insured vehicle," she was "insured" under Code Ann. § 56-3402b (b).

[2] Code Ann. § 56-3407b does not specifically state the party to whom payment is due. Compare Code Ann. § 56-3408b (Persons not entitled to benefits).

construed in connection and in harmony with existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts" (*Spence v. Rowell,* 213 Ga. 145, 150 (2) (97 SE2d 350) (1957)), we do not believe the legislature could have intended that the mother have no right of recovery where resort to judicial process is required in order to obtain no-fault benefits payable on account of injuries sustained by a minor child in her care.[3] In the instant case, appellee is the "person entitled" to no-fault benefits and, therefore, could bring an action to recover them under Code Ann. § 56-3406b (b). Contrary to appellant's assertions, appellee is the real party in interest within the meaning of CPA § 17 (a) (Code Ann. § 81A-117 (a)).

2. Atlanta Casualty next contends that the trial court erred in refusing to permit the adjuster handling plaintiff's claim to testify that he felt he had acted in good faith in handling it. The adjuster should have been permitted to make the statement that he had acted in good faith. *Childers v. Ackerman Const. Co.,* 211 Ga. 350, 354 (86 SE2d 227) (1955); *Hale v. Robertson & Co.,* 100 Ga. 168, 170 (27 SE 937) (1896); *Ga. Life Ins. Co. v. McCranie,* 12 Ga. App. 855, 860 (78 SE 1115) (1913). However, this case was tried before a judge, not a jury. The adjuster testified that he did not intend to hinder or delay anyone in connection with the case. When asked if he felt that he had acted in good faith in handling the claim, the adjuster had stated, "I acted in good . . ." before he was interrupted by plaintiff's objection.

The trial judge had before him other facts and circumstances which would go to prove good or bad faith. The clear implication of the adjuster's testimony to that point was that it was his position that he had acted in good faith. We find the mere fact that he was not permitted to testify "I acted in good faith" is harmless error under these circumstances.

3. Atlanta Casualty complains that the trial court erred in awarding attorney fees since the time card offered by plaintiff's attorney as well as his testimony showed that some of the time was spent on matters other than the medical expenses claim in issue here, i.e., the tort claim arising out of the same incident. Plaintiff's attorney submitted his time card with his work itemized. He testified that his opinion of reasonable attorney fees in this case was $75 per

---

[3] We note that when appellant finally paid the $2,500 in medical benefits, its draft was payable "To the order of Catherine Jones, mother of Cynthia Jones and Medical Center of Central Georgia and Richard B. Thornton, attorney."

hour. On cross-examination, a question of fact arose as to whether some of these items were related to *this* lawsuit. After weighing the evidence presented, the trial judge made an award of attorney fees which was substantially less than the amount sought under the itemized accounting. The matter objected to merely presented a conflict in the evidence which was resolved by the trial judge. We find no error.

4. Atlanta Casualty argues that the evidence did not support an award of punitive damages as the evidence showed only that Atlanta Casualty had failed to pay the claim inadvertently. Code Ann. § 56-3406b(c) provides for punitive damages for *failure* to pay claims promptly as well as *refusal* to pay claims. It would appear that the reason the legislature has provided for penalty and punitive damages in these situations is to compel the prompt payment of claims. Delay in payment is just as burdensome to the aggrieved party when caused by inadvertence as it is when it is caused by deliberate decision. The statute requires that an insurer show that its failure or refusal to pay was in *good* faith in order to prevent the imposition of such damages. A showing of reasonable or probable cause for not paying the claim on time would be such a showing of good faith. See *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45 (244 SE2d 573) (1978). We conclude that a finder of fact is authorized, though not required, to find that mere mental oversight in failing to pay a claim in a timely manner is not acting in good faith. Mere mental oversight establishes conclusively neither good faith nor the absence thereof, but is only a circumstance to be taken into consideration in determining the issue of good faith.

5. Finally, Atlanta Casualty contends that Code Ann. § 56-3406b is unconstitutional. We do not find this statute so vague, indefinite and uncertain as to deny due process of law. At the time the cause of action arose under this statute, *Bituminous Cas. Corp. v. Mowery,* supra, applying the standard for good faith to this statute, had already been decided. Nor do we believe the code section violates equal protection simply because other types of insurers do not have to prove good faith to avoid punitive damages (rather plaintiffs generally have to show *bad* faith). We cannot say that the legislature has placed automobile insurance carriers in an arbitrary classification for no valid reason.

Atlanta Casualty asserts that the punitive damages portion of the code section violates Art. III, Sec. VII, Par. IV of the Georgia Constitution (Code Ann. § 2-1304) which states: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The fact that the title to an Act does not make reference to a penalty provision

provided for in the body of the Act does not render the Act unconstitutional under this provision. *Plumb v. Christie*, 103 Ga. 686, 700 (8) (30 SE 759) (1898).

*Judgment affirmed. All the Justices concur, except Marshall and Gregory, JJ. who dissent.*

DECIDED MARCH 3, 1981.

*Jones, Cork, Miller & Benton, Rufus D. Sams III, Eric D. Griffin, Jr., Wallace Miller III,* for appellant.

*Richard B. Thornton, Charles M. Leverett,* for appellee.

HILL, Presiding Justice, concurring.

I concur in the majority opinion. See also Code Ann. § 56-3406b (b) which provides in part: "Basic no-fault payments may be paid by the insurer directly to persons or firms supplying necessary products, services, or accommodations to the claimant. In the event the company fails to pay each benefit when due, the person entitled to such benefits may bring an action to recover them. . ."

GREGORY, Justice, dissenting.

I must respectfully dissent to the holding by the majority that the plaintiff is the real party in interest in this lawsuit. This is not a tort claim. If it were, the mother might very well be entitled to recover medical expenses. The cause of action upon which this complaint is based was created by statute. That statute vests the cause of action in certain persons. The plaintiff is not such a person. Code Ann. § 56-3406b (b), in pertinent part states: "In the event the company fails to pay each benefit when due, the person entitled to such benefits may bring an action to recover them." The question is, who is the "person entitled to benefits?" That question is answered by the very next code section captioned "Persons entitled to Benefits." In the case at bar, the person entitled to benefits is the plaintiff's minor child who is given a cause of action as a pedestrian struck by an owner's motor vehicle. See Code Ann. § 56-3407b (c). The mother of the child cannot be permitted to bring suit in her own name and recover against the insurance company under the policy even though she has incurred expenses on behalf of the child because the statute does not give her a cause of action.

Code Ann. § 81A-117 (a), in pertinent part, states: "Every action shall be prosecuted in the name of the real party in interest." "If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad

litem." Code Ann. § 81A-117 (c). Code Ann. § 81A-117 (a) also states: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Since the trial court found the mother to be the real party in interest, there has been no opportunity to cure that error. I would remand this case to the trial court to give the minor child, either through a guardian ad litem or through her next friend, a reasonable time to ratify the action already taken and be substituted as a party. If that did occur the trial court would re-enter judgment in the proper name. If ratification did not occur, the trial court would dismiss the action.

I am authorized to state that Justice Marshall joins in this dissent.