38084. ATKINSON v. ATKINSON et al.
38195. ATKINSON v. SPALDING et al.

CLARKE, Justice.

These appeals arise from the efforts of Thomas Atkinson to recover for the wrongful death and expenses of the last illness of Tracy Atkinson, the daughter of Thomas and Judith Atkinson. Tracy died October 13, 1979, as the result of an automobile accident. Tracy's parents (hereinafter Thomas and Judy) were divorced at the time of Tracy's accident. There was no permanent award of custody at the time of her death. While she was in a coma and near death at Northside Hospital, temporary custody of Tracy was given to her mother. The temporary consent order giving temporary custody to Judy also obligated Thomas for all of Tracy's ordinary and reasonable medical expenses.

Judy brought suit against defendants, seeking damages for the wrongful death of Tracy, including recovery of funeral and medical expenses. Thomas moved to intervene on the basis of Code Ann. § 81A-124 (a). The motion to intervene was denied. Following the denial of Thomas's motion to intervene, the remaining parties settled the lawsuit, and a consent judgment was entered. Thomas appeals from the denial of his motion to intervene in *Atkinson v. Atkinson,* Case No. 38084.

Thomas filed a separate action against the defendants, seeking damages for the wrongful death of his daughter and for medical and funeral expenses. Summary judgment was granted against Thomas in this action, and this is the basis of the appeal in *Atkinson v. Spalding,* Case No. 38195.

Thomas' motion to intervene was denied because the trial court found that as a result of the temporary order Judy had custody of Tracy. Under the wrongful death statute in effect in Georgia at the time of Tracy's death, Ga. L. 1979, p. 466, Sec. 43, the cause of action for recovery for the homicide of the child belonged to the parent with custody of the child if the parents were divorced. Since all other categories of surviving parents, including parents of illegitimate children, were entitled to a joint cause of action, Thomas contends that the statute as it existed in 1979 was unconstitutional. The statute was amended in 1980 to provide a joint cause of action for all living parents, including divorced parents, and custody is no longer a factor. Ga. L. 1980, p. 1154. Code Ann. § 74-108 (b) (2) (C).

We do not need to reach the question of the constitutionality of Code Ann. § 74-108 (b) (2) (C) as it existed in 1979 inasmuch as we find that Thomas, as well as Judy, was a custodial parent within the meaning of the statute. "Because of the difference in its nature and

purpose from an award of permanent custody, the temporary order is not governed by the same rules of law as permanent custody." *Harper v. Harper,* 233 Ga. 253, 254 (210 SE2d 773) (1974), quoting *Foster v. Foster,* 230 Ga. 658, 660 (198 SE2d 881) (1973). The discretion of the court is extremely broad in a determination of custody matters so long as the case remains in the bosom of the court and permanent custody has not been granted. A temporary custody hearing does not decide any final issues between the parties, and we have specifically held that the court may award custody to one party at one hearing and to another party at another. *Mathews v. Mathews,* 230 Ga. 779 (199 SE2d 179) (1973); *Foster v. Foster,* 230 Ga. 658, supra. Further evidence that an award of temporary custody does not finally determine any rights of the parties is the fact that a temporary custody order is not appealable. *McKenzie v. McKenzie,* 225 Ga. 314 (168 SE2d 152) (1969); *Graham v. Graham,* 219 Ga. 193 (132 SE2d 66) (1963).

In view of the fact that we have consistently held that temporary custody does not finally determine any rights between the parties, we now hold that temporary custody of a child does not preclude an action for wrongful death by a non-custodial parent under Code Ann. § 74-108 as it existed in 1979.

Having held that Thomas was not precluded by virtue of the temporary order from pursuing jointly with Judy the action for wrongful death, we must necessarily find that the court erred in denying his motion to intervene. It is apparent that Thomas met the requirements which we set down in *State Farm &c. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447 (271 SE2d 844) (1980), for intervention under Code Ann. § 81A-124 (a) (2): interest, impairment resulting from unfavorable disposition, and inadequate representation. Id. at 453.

Judy's original complaint contained a prayer for medical and funeral expenses incurred as the result of the wrongful death of her daughter. However, the settlement reached between the parties to the action following the denial of Thomas's motion to intervene did not provide for a payment of medical and funeral expenses. In fact, Thomas was obligated to pay medical and funeral expenses pursuant to the temporary consent order entered into between the parties after the accident. As has been noted above, following the denial of his motion to intervene, Thomas brought an independent action against defendants in the Superior Court of Fulton County seeking recovery for the wrongful death of his daughter, including recovery of funeral and medical expenses. The trial court in granting summary judgment in favor of defendants held that he was not entitled to medical or funeral expenses based on *Peppers v. Smith,* 151 Ga. App. 680 (261

SE2d 427) (1979), and *McDaniel v. Bliss,* 156 Ga. App. 166 (274 SE2d 138) (1980).

The trial court in denying Thomas' motion to intervene in Judy's action found that he had no interest in the suit based on his claim for loss of services, medical and funeral expenses. The court relied upon *Peppers v. Smith,* 151 Ga. App. 680, supra, and *McDaniel v. Bliss,* 156 Ga. App. 166, supra, in concluding that Thomas was not entitled to recovery of medical and funeral expenses even though he had paid them. We find that *Peppers v. Smith,* supra, does not mandate what the trial court correctly terms "a harsh and unjust result." Rather, *Peppers v. Smith,* holds that where the divorced mother is the custodial parent she may bring an action for loss of services, funeral and medical expenses resulting from a tortious injury to the child even though the father has not lost his parental power. This opinion was extended in *McDaniel v. Bliss* to limit the cause of action to the custodial parent regardless of which parent suffered the loss. We hold that an action for medical and funeral expenses of a child may be brought by either parent and that it is a question of fact as to which parent has actually incurred such expenses. To the extent that *McDaniel v. Bliss* conflicts with this opinion, it is expressly overruled.

Since we have found that Thomas' motion to intervene in Case Number 38084 should have been granted, the matter is remanded to the trial court. This effectively moots the appeal in Case Number 38195.

*Judgment reversed and case remanded. All the Justices concur. Case No. 38084.*

*Appeal dismissed as moot. All the Justices concur. Case No. 38195.*

DECIDED APRIL 7, 1982.

Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, R. Dennis Withers, for appellant.

Meals & McLaughlin, Robert N. Meals, A. Lee Parks, Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Neely, Player, Eichelberger, Hamilton, Hines & Welch, Edgar A. Neely III, for appellees (case no. 38084).

James B. Hiers, Jr., Edgar A. Neely III, for appellees (case no. 38195).