### 39297. BINNS v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

SMITH, Justice.

The Court of Appeals has certified the following question concerning the correct standard of appellate review of a punitive damages award under OCGA § 33-34-6 (c) (Code Ann. § 56-3406b):

"Although an appellate evaluation may demonstrate that the insurer's defense at trial raised 'a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury,' does the appellate standard of review of an award of penalties for a lack of 'good faith' under Code Ann. § 56-3406b (b) differ from that enunciated in *McClain* such that the insurer has not met its burden of proof under Code Ann. § 56-3406b (b) as a matter of law and the insured is not precluded, as a matter of law, from recovering an award of penalties under that statute where there is other evidence of the circumstances surrounding the insurer's pre-trial refusal to pay when due which would authorize the jury to find a lack of good faith in such refusal?"

Section 33-34-6 (Code Ann. § 56-3406b) authorizes an award of a penalty, attorney fees, and punitive damages in certain cases where, following reasonable proof of loss by the insured, the insurer refuses to pay and such denial of benefits is not in "good faith." The burden of proving good faith is on the insurer. *Atlanta Cas. Co. v. Jones,* 247 Ga. 238, 241 (275 SE2d 328) (1981). Good faith in this context requires a showing of reasonable or probable cause for not paying the claim on time. Id.

The question of the insurer's good faith (or lack thereof) is one of fact for the jury, and the jury's determination on this issue should be upheld on appeal if there is any evidence to support it. See *Gillem v. MARTA,* 160 Ga. App. 393, 395 (287 SE2d 264) (1981); *Miller v. Spicer,* 147 Ga. App. 759, 760 (250 SE2d 492) (1978); Couch on Insurance 2d § 58:93. A jury award of punitive damages for wrongful refusal to pay a claim is thus entitled to great weight on appeal and should be disturbed only if the evidence at trial does not support an inference of bad faith on the insurer's part. See *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979) (applying "any evidence" rule in review of punitive damages award under OCGA § 33-4-6 (Code Ann. § 56-1206)); Note, *Wrongful Refusal to Pay Insurance Claims in Georgia,* 13 Ga. L. Rev. 935, 960 (1979).

Application of an "any evidence" standard of review to § 33-34-6 (Code Ann. § 56-3406b) jury awards is consistent with the policy, previously recognized by this court, of encouraging prompt payment of no-fault insurance claims. *Atlanta Cas. Co. v. Jones,* supra. The answer to the question certified by the Court of Appeals is "yes."

*Certified question answered in the affirmative. All the Justices concur, except Marshall, P. J., who dissents.*

Decided April 19, 1983.

*Nickerson & Gaulden, Thomas Henry Nickerson,* for appellant.
*Griffin, Cochrane & Marshall, Terrence Lee Croft,* for appellee.