## JOYCE NODDEN RITCHER *v.* DONALD E. CHILDERS
### (2414)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued February 29—decision released July 24, 1984

*John A. Ackerly,* with whom, on the brief, was *James W. Kaufman,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *Robert L. Genuario,* for the appellee (plaintiff).

DANNEHY, C.P.J. The plaintiff brought this action against the defendant, her former husband, to obtain arrearages in child support. It is undisputed that the plaintiff and the defendant were granted a divorce by the Superior Court of DeKalb, Georgia, on March 12, 1974. The judgment incorporated a written agreement

of the parties providing in pertinent part that the defendant would pay $850 a month as child support. The present action was instituted by writ and complaint dated March 13, 1981, and made returnable to the Superior Court in the judicial district of Fairfield at Bridgeport. The defendant filed an answer which amounted to a general denial. In addition, he filed a two count counterclaim. The first count of the counterclaim is the pleading in issue here. It alleged, inter alia, that on or about October 16, 1977, John Russell Childers, a minor child of the parties, was killed in an automobile accident in Georgia; that the plaintiff, without advising the defendant, commenced an action in Georgia for the wrongful death of the child; that the plaintiff settled the case on April 23, 1981, for the sum of $40,000; and that the plaintiff has refused to share the proceeds with the defendant as required by law.

The pleading is grounded on § 74-108 (b) of the Georgia Code, as amended in 1980.[1] This statute provides for shared recovery between parents for the wrongful death of a minor child and became effective March 25, 1980, while the plaintiff's wrongful death action was still pending.[2] The plaintiff denied that she was required by law to share recovery with the defendant and asserted as a special defense Ga. Code § 105-1307,

[1] It should be noted that the defendant did not comply with our rule of practice that when a claim made in a pleading is grounded on a statute, the statute shall be specifically identified by its number. Practice Book § 109A.

[2] Ga. Code § 74-108 (b), as amended in 1980, provides in pertinent part: "(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child either as provided in this section or as provided in Chapter 105-13. (2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph. (A) If the parents are living together and not divorced, such right shall be in the parents jointly. (B) If either parent is deceased, such right shall be in the surviving parent. (C) If both parents are living but divorced, separated, or living apart, such right shall be in both parents. Provided, however, in the event the parents are divorced, separated, or living apart and

Georgia's wrongful death statute in effect at the time of the death which reposed the right of recovery in the mother alone.[3] The defendant's reply contested the applicability of § 105-1307 since the statute had been repealed prior to the plaintiff's institution of the wrongful death suit on October 2, 1979.

Thereafter, with the pleadings closed, the plaintiff moved for summary judgment on the first count of the defendant's counterclaim. The trial court granted the plaintiff's motion and rendered judgment on the first count of the counterclaim, and the defendant appealed.[4]

This was a proper case for summary judgment procedure. The pleadings, affidavits and other proof submitted demonstrated that no genuine issue of fact existed which warranted trying the first count of the counterclaim. Neither party disputed that Georgia law applied.[5] The sole question for determination was which Georgia wrongful death statute, Ga. Code § 105-1307, repealed effective April 4, 1979, or Ga. Code § 74-108 (b), as amended in 1980, applied. On the authority of *McDaniel*

one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, then, in either of these events, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as if they were not separated or living apart."

The term "homicide" as used in the statute includes wrongful death. *Harden* v. *United States,* 485 F. Sup. 380 (S.D. Ga. 1980).

[3] Ga. Code § 105-1307, repealed effective April 4, 1979, provided in pertinent part: "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. In suits by the mother the illegitimacy of the child shall be no bar to a recovery."

[4] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[5] Under our choice of law rules, the distribution of amounts recovered under a wrongful death statute is governed by the law of the state where the tort was committed. *Hornstein* v. *Marks,* 21 Conn. Sup. 233, 153 A.2d 923 (1958).

v. *Bliss,* 156 Ga. App. 166, 274 S.E.2d 138 (1980), the trial court concluded that § 105-1307, the wrongful death statute in effect on October 16, 1977, the date of the child's death, was the operative statute and that the plaintiff was entitled to judgment as a matter of law with regard to count one of the counterclaim.

In *McDaniel* v. *Bliss,* supra, the Georgia Court of Appeals held that the right of recovery for loss of services by the father of an injured child is governed by the statute in effect at the time of the injury. The defendant claims that the trial court erred in relying exclusively on *McDaniel* v. *Bliss,* supra, and that it overlooked the case of *Harden* v. *United States,* 485 F. Sup. 380 (S.D. Ga. 1980), where it was held that the wrongful death statute enacted during the pendency of the litigation applied even though § 105-1307 was the statute in effect at the time of the death and at the time suit was instituted.

The theory upon which a case is tried in the trial court cannot be changed on review, and an issue not presented to or considered by the trial court cannot be raised for the first time on review. Moreover, an appellate court should not consider different theories or new questions if proof might have been offered to refute or overcome them had they been presented at trial. Neither the record nor the defendant's brief and appendix discloses that the defendant, during argument on the plaintiff's motion, sought to have the court take judicial notice of *Harden* or of any other reported decision of Georgia. "Where another jurisdiction's law is applicable, it is the duty of counsel to supply the court with a clear understanding of that foreign law." *Angier* v. *Barton,* 160 Conn. 204, 211, 276 A.2d 782 (1970). Matter claimed under our rules for judicial notice; General Statutes §§ 51-32, 52-163 and 52-164; must be called to the attention of the court and authoritative

sources provided. We cannot fault the trial court for failing to undertake an original examination of foreign law.

We are not persuaded in any event that the holding of *Harden* v. *United States,* supra, dictates a result different from that reached by the trial court. The issue involved in that case was the applicability of revisions made by the Georgia legislature to its wrongful death statute in 1979 during the course of the trial. Under the 1979 amendment, § 105-1307 was repealed and in substitution a version of § 74-108 (b), which preceded the 1980 amendment in issue here, was enacted to provide for a right of action by both parents, unless divorced, and, if divorced, by the custodial parent of the deceased child.[6] The *Harden* court found it applied retroactively and ordered the father joined as a necessary party.

Section 74-108 (b) was subsequently amended in 1980 to provide for shared recovery between parents regardless of their marital status. The defendant claims that the trial court should have concluded that the 1980 statute, like the 1979 statute, applied retroactively. There lies an important distinction between the two acts. By express provision, the 1979 act applied its effect to

---

[6] Ga. Code § 74-108 (b), as amended in 1979, provided in pertinent part: "The parents, when not divorced, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband, or child. The parents shall be entitled to recover the full value of the life of such child. If either parent is deceased, the surviving parent shall be entitled to recover the full value of the life of such child. If the parents are divorced, the parent with custody of the child may recover for the homicide of the child. In suits for recovery, the illegitimacy of the child shall be no bar to recovery."

The intent of the 1979 revisions, as stated in the preamble to the act, was to "modernize certain laws . . . so as to comply with those standards of equal protection under the law announced in the United States Supreme Court decision in the case of *Orr* v. *Orr,* [440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306] decided March 5, 1979." 1979 Ga. Laws, No. 86, § 1, p. 469.

"actions then pending."[7] 1979 Ga. Laws, No. 86, § 49. There is no similar expression of legislative intent under the 1980 revision and, when the legislature is silent, the statute is presumed to be prospective in effect. *Biddle* v. *Moore,* 87 Ga. App. 524, 526, 74 S.E.2d 552 (1953).

A further reason for applying the 1980 act prospectively only is provided under the constitution of the state of Georgia which prohibits the passage of retroactive laws.[8] 1976 Constitution of the State of Georgia, Article I, section 1, paragraph VII, Ga. Code § 2-107. This rule against retroactive application has, as to substantive rights, been rigidly enforced by the courts of Georgia. *Enger* v. *Erwin,* 245 Ga. 753, 267 S.E.2d 25 (1980). The right of action for wrongful death is a substantive property right which vests at the time of death and remains unchanged by subsequent legislation. *Biddle* v. *Moore,* supra.

It is unnecessary to decide whether the trial court erred in finding § 105-1307 in effect at the time of the wrongful death suit, rather than the 1979 statute. The ultimate conclusion of the trial court that the defendant's claim was barred may be sustained under either statute.[9]

---

[7] 1979 Ga. Laws, No. 86, § 49 provides in pertinent part: "This Act shall become effective upon its approval by the Governor or upon its becoming law without his approval and shall govern all proceedings in actions brought after it takes effect and also all further proceedings in actions then pending."

[8] In light of this constitutional prohibition, the constitutionality of 1979 Ga. Laws, No. 86, § 49 and the decision in *Harden* v. *United States,* 485 F. Supp. 380 (S.D. Ga. 1980), applying the 1979 version of § 74-108 (b) retroactively may be questioned. The Supreme Court of Georgia had held § 49 unconstitutional to the extent that it repealed retroactively the cause of action for alienation of affection. *Enger* v. *Erwin,* 245 Ga. 753, 267 S.E.2d 25 (1980).

[9] Had the trial court concluded that the 1979 act applied, the plaintiff would still be the sole person entitled to recover since she was the custodial parent of the deceased child. See footnote 5, supra.

There is no error.

In this opinion the other judges concurred.