A90A0849. BOSWELL v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(397 SE2d 165)

CARLEY, Chief Judge.

Appellant-plaintiff was the victim of a criminal attack while an invitee on appellee-defendant's premises. As the result of injuries that he sustained in this attack, appellant filed this suit against appellee, seeking to recover both compensatory and punitive damages. The trial court denied appellant's motion for partial summary judgment on the issue of appellee's potential liability for punitive damages. Pursuant to this court's grant of appellant's application for an interlocutory appeal, he appeals from the trial court's order.

In *MARTA v. Binns*, 252 Ga. 289 (313 SE2d 104) (1984), the Supreme Court held that appellee may be held liable for punitive damages pursuant to OCGA § 33-34-6 in its capacity as a self-insurer and declined to address the issue of whether appellee may be held liable for punitive damages in its capacity as a tortfeasor. However, this court's opinion in the same case did address that issue: "Section 22 of the legislation which created MARTA (Ga. Laws 1965, pp. 2243, 2275, [as amended by Ga. Laws 1971, pp. 2091, 2101]) is a clear, complete and absolute waiver of [any] governmental immunity from tort liability. That section provides in [relevant part] as follows: 'Tort Liability; Insurance. The Authority shall not enjoy governmental immunity from tort liability, but shall be liable therefor *as any private corporation* except that no execution shall be levied on any property of the Authority prior to ninety (90) days from the date of a final judgment against the Authority. The Authority shall [provide] for adequate insurance, indemnification or similar protection against any loss, liability or other risk, hazard or responsibility to which it may be exposed or which it may accept on account of its property, [personnel] or operations.' This is an unequivocal pronouncement that MARTA is liable in tort to the extent that a private corporation would be. Corporations in Georgia are liable for exemplary damages. [Cit.]" (Emphasis in original.) *Binns v. MARTA*, 168 Ga. App. 261-262 (1) (308 SE2d

674) (1983).

We have reviewed and reconsidered our holding in *Binns*, and have determined to adhere to it. To the extent that a statutory waiver of governmental immunity specifies an imposition of the same tort liability as that which is borne by a private corporation, a public authority may be held liable for punitive as well as compensatory damages. Since the statutory waiver of whatever governmental immunity appellee might otherwise be entitled to claim *does* specify the imposition of such tort liability, appellee may be held liable for punitive as well as compensatory damages. It follows that the trial court erred in denying appellant's motion for partial summary judgment. Compare *City of Columbus v. Myszka*, 246 Ga. 571, 573 (4) (272 SE2d 302) (1980), holding that "*absent statutory authority*, a municipality cannot be held liable for punitive damages. [Cits.]" (Emphasis supplied.)

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1990 —
REHEARING DENIED SEPTEMBER 19, 1990 — CERT. APPLIED FOR.

*James Booker*, for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Stephanie L. Scheier, Michael E. Fisher*, for appellee.

*Salem & Wong, Alvin T. Wong, Beltran & Buckley, Frank J. Beltran, William Q. Bird*, amici curiae.