A91A1365. HUDSON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(411 SE2d 291)

BIRDSONG, Presiding Judge.

Plaintiff appeals from a defendant's verdict in this suit, arising

from an auto accident, and brought against defendant for statutory penalty for failure to pay medical bills within 30 days of submittal under OCGA § 33-34-6. *Held*:

1. Appellant contends the jury could not properly render a verdict for State Farm, and he was entitled to directed verdict and judgment n.o.v., because the undisputed evidence showed that of 11 items submitted to State Farm for payment, two bills were not fully paid, leaving $251.05 which was never paid, so that as a matter of law under OCGA § 33-34-6, State Farm "shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees."

The evidence shows plaintiff contends he sustained more than $89,000 in medical expenses, including treatment for alcohol abuse; that he was eligible under his policy for coverage limits of $35,000, and that these limits were paid to appellant 11 months before he filed suit for late payment. OCGA § 33-34-6 provides: "If reasonable proof is not supplied as to the entire claim, *the amount supported by reasonable proof* is overdue if not paid within thirty (30) days after proof is received by the insurer." (Emphasis supplied.) The issue is one of reasonable cause for the insurer's failure to pay the claims within 30 days. *Binns v. MARTA*, 250 Ga. 847 (301 SE2d 877). On appeal of a jury verdict, all evidence is construed in favor of the verdict (*Barnette v. Peace*, 196 Ga. App. 440, 442 (395 SE2d 916)); since the jury found appellee not liable as to the claim of overdue payments, it must be inferred that it was found the amounts not paid within 30 days were not "supported by reasonable proof" (§ 33-34-6 (b)), or that the defendant had reasonable cause for not paying the bills within 30 days. There was evidence supporting the verdict for the defendant; therefore it cannot be said the evidence *demanded* a verdict for the plaintiff so as to entitle him to a directed verdict or to judgment n.o.v. *Mullinax v. Doughtie*, 196 Ga. App. 747, 748 (396 SE2d 919). The jury, by finding appellee not liable for a penalty, concluded no payments were "overdue" within the meaning of the statute, so we need not determine whether, if any payments had been found "overdue," the statute would render State Farm absolutely "liable" to pay the penalty, or merely "subject to" liability for a penalty, as appellee contends.

2. The trial court did not err in prohibiting plaintiffs in closing argument from introducing "blowup" depictions of OCGA § 33-34-6. See *Groover v. Dickey*, 173 Ga. App. 73, 76 (325 SE2d 617). The jury was properly charged as to the law and presumably based its verdict on the law; if appellant means to suggest the jury would have come to a different conclusion about the law by viewing appellant's visual aids, such visual aids would be improper by definition and misleading on their face.

3. The trial court did not err in refusing to allow a witness to testify to the defendant's "worldly circumstances," pursuant to former OCGA § 51-12-6. The language as to "worldly circumstances" was removed from that Code section, effective July 1987. The language has no application here, since this injury occurred in December 1987. Even if the former Code section were controlling, this is not a case where the entire injury claimed was to plaintiff's peace, happiness and feelings (see *Collins v. State Farm &c. Ins. Co.*, 197 Ga. App. 309, 310 (398 SE2d 207)) and defendant's worldly circumstances were irrelevant. See *Stepperson, Inc. v. Long*, 256 Ga. 838 (353 SE2d 461). Moreover, since the jury declined to make an award based on the statutory penalty for "overdue" payment of PIP insurance payments, thereby rendering a defendant's verdict as to liability, any evidence as to defendant's worldly circumstances is irrelevant and its lack could not have prejudiced plaintiff.

4. The trial court did not err in granting defendant's motion in limine, thereby excluding expert testimony of an insurance executive by which plaintiff sought to show that State Farm did not properly process plaintiff's claims. Plaintiff's claim for a penalty under OCGA § 33-34-6 is not resolved by a determination whether the insurer handled the claim properly, but whether the insurer had "reasonable cause" in failing to pay the claim within 30 days (*Binns*, supra), or whether the claims were "supported by reasonable proof" according to the words of the statute. See OCGA § 33-34-6 (b). The question of "reasonable cause" or whether the claims were "supported by reasonable proof," addresses itself to the reasonableness of the *claim*, not the reasonableness of defendant's *handling* of the claim. Proof that defendant did not "handle the claims properly" would not prove an entitlement to a penalty under § 33-34-6, and would tend to confuse the question of the "reasonable proof" of the claim or "reasonable cause" for defendant's failure to pay within 30 days, according to OCGA § 33-34-6. Appellant Hudson does not persuade us in this case that the evidence of the insurance executive which he contends would show the claims were handled improperly would tend to show the claims were reasonable or the insurer had reasonable cause (*Binns*, supra) to delay payment, which is the inquiry of the jury.

*Judgment affirmed. Cooper, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I cannot concur with the statement in Division 4 of the opinion that whether the insurer handled plaintiff's claim properly is not an issue in determining whether the insurer is liable for a penalty for late payment of the claim. Failure to exercise reasonable diligence to process and verify a claim is evidence that the insurer's failure to pay the

claim in the statutorily mandated time was in bad faith. See *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606 (359 SE2d 399) (1987). Both the reasonableness of the proof submitted by the claimant and the insurer's diligence in handling the claim are issues relevant to an action for bad faith penalties.

I agree, however, that no error is shown by the trial court's exclusion of testimony which plaintiff argues would have shown the defendant did not properly process plaintiff's claims. First, a careful reading of the transcript reveals that the trial court did not expressly rule on that portion of defendant's motion in limine which related to testimony concerning the processing of plaintiff's claim. "Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review." *Williams v. Lemon*, 194 Ga. App. 249, 252 (3) (390 SE2d 89) (1990). The trial court indicated its willingness to permit plaintiff to perfect the record by presenting the testimony at issue at any time in the proceedings. No offer of proof was made, however, and, again, no error is presented for this court to review. See *Clayton County Water Auth. v. Harbin*, 192 Ga. App. 257 (2) (384 SE2d 453) (1989); *Money v. Daniel*, 188 Ga. App. 215 (3) (372 SE2d 305) (1988).

DECIDED SEPTEMBER 9, 1991 —
RECONSIDERATION DENIED SEPTEMBER 30, 1991 —

*Stokes & Associates, Fred J. Stokes*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.