LOCAL 818, COUNCIL 4, AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES *v.* NEW BRITAIN BOARD
OF EDUCATION ET AL.
(AC 34233)

Gruendel, Lavine and Alvord, Js.

 

Argued March 19—officially released August 6, 2013

*J. William Gagne, Jr.*, with whom, on the brief, was *Kimberly A. Cuneo*, for the appellant (plaintiff).

*William R. Connon*, with whom was *Zachary D. Schurin*, for the appellee (named defendant).

*Opinion*

LAVINE, J. The plaintiff, Local 818, Council 4, American Federation of State, County and Municipal Employees (union), appeals from the judgment of the trial court denying its application to vacate the arbitration award in favor of the defendant New Britain Board of Education (board).[1] On appeal, the plaintiff claims that (1) the arbitration panel (panel) exceeded its authority, (2) the court erred in its review of the application to vacate by simply comparing the award to the submission, and (3) the panel showed a manifest disregard for the law. We affirm the judgment of the trial court.

---

[1] The Connecticut State Board of Mediation and Arbitration was a defendant at trial, but is not a party to this appeal.

The following facts as found by the trial court are germane to this appeal. In the summer of 2010, the board initiated a series of layoffs due to budgetary constraints. One of the positions eliminated was held by Plummer Carroll. Carroll was a security/custodial supervisor hired on November 29, 2004. In response to the layoffs, Carroll attempted to "bump" into the position of attendance supervisor—a position not subject to the layoffs. The position Carroll sought was held by Joseph Vaverchak, also a member of the union. Vaverchak was hired by the board on January 29, 1996 as an attendance officer. During his time as an attendance officer he was affiliated with Local 1186. Subsequently, Vaverchak was elevated to attendance supervisor and thereafter transitioned from Local 1186 to the union on November 20, 2007. At the time Carroll attempted to bump, Carroll had been affiliated with the union longer than Vaverchak, but Vaverchak had more years of service with the board. Carroll's ability to bump, therefore, depended on whether seniority was measured by time spent in the union, or time spent employed by the board.

Carroll contended that because he had been a member of the union longer than Vaverchak, he was entitled to bump Vaverchak, and assume the job of attendance supervisor. The board took an opposing position, basing its calculation of seniority on time employed by the board, and not union affiliation. In the board's view, Carroll was junior to Vaverchak and would therefore not be allowed to bump into Vaverchak's position. Pursuant to the collective bargaining agreement (agreement), Carroll filed a grievance and the dispute was submitted to the panel. The issue was submitted as follows: "1. Did the employer violate Section[s] 15.5, 15.12, and/or 15.13 of the 2008-2012 Collective Bargaining Agreement when the Superintendent of Schools determined that Carroll did not have the requisite qualifications and demonstrated ability for the position of

Attendance Supervisor. 2. If so, what shall the remedy be."

The following language from the agreement is relevant to this appeal. Section 15.12 of the agreement delineates the right to bump a junior employee and provides, in relevant part, that "an employee who is scheduled to be laid off, may bump another employee within the same or lower classification who has less seniority than the employee being laid off, provided the employee is qualified to perform the work." Section 4.0 of the agreement defines "seniority" as "the length of service of the employee from the last date of employment by the Board." Section 15.5 provides: "Regardless of the source of funding, in the event of a layoff the order of layoff shall be as follows: a) Substitute employees; b) Temporary employees; c) Part time employees; d) Full-time employees *with the least seniority with Local 818.*" (Emphasis added.) Finally, Section 15.13 establishes the right to pursue a grievance in the event a request to bump is denied.

The panel found that the plain language of the agreement supported the board's position that seniority was to be measured by service to the board and not membership in the union. In doing so, the panel rejected the union's argument that the reference to "seniority within Local 818" in Section 15.5 displaced the plain language of Section 4.0. Instead, the panel agreed with the board that seniority was to be defined solely by Section 4.0, which defined seniority as "the length of service of the employee from the last date of employment by the Board." As support for the award, the panel also found that the agreement had been amended when the prospect of layoffs loomed and weighed the fact that the membership of the union consists of supervisors, most of whom transition from Local 1186. Because the panel found that Carroll did not have the requisite seniority to bump Vaverchak, it did not proceed to the

question of his qualifications for the attendance supervisor position.

The union sought to vacate the award. The union's application was based on claims that (1) the panel exceeded its power, (2) the panel engaged in misconduct and prejudiced the rights of the union, and (3) the award is against public policy. The court found that the arbitration submission was unrestricted and rejected the claim that the award was in excess of the panel's authority. With respect to the union's claims of misconduct and violations of public policy, the court found that there was not "a shred of evidence" that could support such theories. The application to vacate was denied on January 9, 2012.[2] This appeal followed.

We begin by setting forth the standard of review and the legal principles pertinent to this appeal. The standard governing the review of arbitration awards is narrow and well established. *Industrial Risk Insurers v. Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 92, 868 A.2d 47 (2005). As the authority of the arbitrator flows from the parties' mutual agreement, "the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) Id., 92–93.

In short, "[o]ur review is limited to a comparison of the award to the submission. Our inquiry generally is

---

[2] On January 9, 2012, the court also granted the board's cross application to confirm the arbitration award.

limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission. . . . The party challenging the award . . . bears the burden of producing evidence sufficient to demonstrate that the award does not conform to the submission." (Citation omitted; internal quotation omitted.). *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 230, 951 A.2d 1249 (2008).

The union first claims that the panel exceeded its authority in rendering an award in favor the board. It argues that, pursuant to General Statutes § 52-418 (a) (4), the panel improperly disregarded the agreement by not using Section 15.5 as the basis for defining seniority. Specifically, the union quarrels with the panel's decision to look solely to Section 4.0 of the agreement for the definition of seniority. The union also argues that because the submission specifically referenced Sections 15.5, 15.12 and 15.3, the panel did not have the authority to look to Section 4.0 in its effort to determine how seniority should be calculated.

The union's argument is not persuasive insofar as it confuses an arbitrator's authority to make a decision with the merits of a decision itself. This distinction is of great importance because judicial review of an arbitration award is limited to whether the award conforms to the submission. See *Burr Road Operating Co. II, LLC* v. *New England Health Care Employees Union, District 1199*, 142 Conn. App. 213, 223, 70 A.3d 42 (when submission is unrestricted "the only question is whether the award conforms to the submission"), cert. granted, 309 Conn. 909, 68 A.3d 662 (2013). There can be no doubt that the panel had the authority to interpret

"seniority" according to the agreement. In fact, this was the panel's principal task. To say that the panel was unable to look at the entire agreement in the interpretation of a specific provision raises a question of construction that is beyond our narrow review. Our review is limited and does not include revisiting pure matters of contract interpretation; this court may not substitute its own judgment for that of an arbitrator when a panel does not exceed its authority. See, e.g., *Masters* v. *Masters*, 201 Conn. 50, 72–73, 513 A.2d 104 (1986) ("[t]o the extent that the defendant claims that the arbitrator misapplied or overlooked part of the agreement, then, appellate review is foreclosed").

We do not inquire into whether the panel's interpretation of "seniority" was correct. The question posed by the submission was whether the board violated certain provisions of the collective bargaining agreement when it determined that Carroll was not entitled to bump. The panel's award fully comported with the submission: "The [board] did not violate Sections 15.5, 15.12 and/or 15.13 [of the agreement] . . . ." We agree with the court that the panel in no way exceeded its authority.

The union also attacks the manner in which the trial court reviewed the application to vacate, arguing that simply comparing the award to the submission is insufficient. The union argues that the court should have engaged in a more thorough comparison, namely, comparing the agreement to the award. This argument confuses the scope of judicial review. "In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 273 Conn. 94; see also *Board of Education* v. *Local 818, Council 4, AFSCME, AFL-CIO*, 5 Conn. App. 636, 640, 502 A.2d 426 (1985) ("merely claiming inconsistency between the agreement and the

award will not trigger judicial examination of the merits of the arbitration award").

Here, the court considered the application appropriately and found: "The submission to the arbitrators was unrestricted. They were asked to hear the evidence and determine whether the relevant provisions of the [agreement] were violated when the [board] refused to permit Carroll to bump into the Attendance Supervisor position. They determined that there was no violation; indeed, from the language of the arbitration award it is clear that they determined that is was not even a close call, a decision that appears manifestly correct."

Finally, the union claims that the panel acted in manifest disregard of the law. To the extent that this claim was not alleged in the application to vacate and is now being raised for the first time on appeal, the claim is not properly before us. See *Ritcher* v. *Childers*, 2 Conn. App. 315, 318, 478 A.2d 613 (1984) ("[t]he theory upon which a case is tried in the trial court cannot be changed on review, and an issue not presented to or considered by the trial court cannot be raised for the first time on review").

The judgment is affirmed.

In this opinion the other judges concurred.