## 41105. UNITED STATES OF AMERICA v. TRAVELERS INDEMNITY COMPANY et al.
### (320 SE2d 164)

GREGORY, Justice.

The Court of Appeals for the Eleventh Circuit has certified the following question to us: "Whether the United States can recover from an insured person's insurance company pursuant to the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., for the reasonable cost of medical care provided the insured person (or his dependent) pursuant to 10 USC § 1074 et seq., as a result of a motor vehicle accident covered under the policy."

In each of the cases pending in the Eleventh Circuit a serviceman or his dependent, insured under the Georgia Motor Vehicle Accident Reparations Act (Act), was injured in a motor vehicle accident. Each insured received medical treatment in a military hospital pursuant to 10 USC § 1074.[1] Thereafter the United States sought recovery from

---

[1] 10 USC § 1074 provides:

"(a) Under joint regulations to be prescribed by the Secretary of Defense and the Secretary of Health and Human Services, a member of a uniformed service who is on active duty is entitled to medical and dental care in any facility of any uniformed service.

"(b) Under joint regulations to be prescribed by the Secretary of Defense and the Secretary of Health and Human Services, a member or former member of a uniformed service who is entitled to retired or retainer pay, or equivalent pay may, upon request, be given medical

each insured's insurance carrier pursuant to OCGA § 33-34-1 et seq. for the costs of medical care provided. The Federal District Court denied recovery, finding that the Georgia "no-fault" Act was not designed to reimburse the government for expenses it had incurred in the discharge of its obligations.[2] We agree, and, for the reasons which follow, answer the certified question in the negative.

1. We begin by noting that the United States is not an "insured" within the meaning of OCGA § 33-34-2 (5).[3] Further, OCGA § 33-34-6 (a) states, "Payments of benefits required by this chapter must be made periodically on a monthly basis as *expenses are incurred* or, in the case of total disability, as disability continues." (Emphasis supplied.) Examining the Act as a whole, we conclude the legislature intended that the no-fault carrier be required to pay only those expenses which are incurred by an *insured*. In order for an insured to incur medical expenses which would trigger the no-fault carrier's duty to pay, he must have either paid them or have become liable for them. Sanner v. GEICO, 150 N.J. Super. 488 (376 A2d 180) (1977); Lefebvre v. GEICO, 110 N.H. 23 (259 A2d 133) (1969). Where as here, the United States provides all medical treatment to the insured, without cost to the insured, the insured has incurred no expenses within the meaning of the Act. The no-fault carrier's obligation to pay is therefore never triggered and neither the insured nor the United States may seek a recovery from the no-fault carrier. Heusle v. Nat. Mutual Ins. Co., 628 F2d 833 (3rd Cir. 1980).

2. The United States argues, however, that the portion of OCGA § 33-34-6 (b) which states, "Basic no-fault payments may be paid by the insurer directly to persons or firms supplying necessary products, services or accommodations to the claimant," indicates a legislative intent to require the no-fault carrier to reimburse the government in its capacity as a firm supplying necessary products and services to the insured. We do not agree. This provision merely grants to the no-fault

---

and dental care in any facility of any uniformed service, subject to the availability of space and facilities and the capabilities of the medical and dental staff. The Secretary of Defense and the Secretary of Health and Human Services may, with the agreement of the Administrator of Veterans' Affairs, provide care to persons covered by this subsection in facilities operated by the Administrator and determined by him to be available for this purpose on a reimbursable basis at rates approved by the President."

[2] United States v. Travelers Indem. Co., Civil Action No. 83-35 C O L (M. D. Ga. 1983).

[3] OCGA § 33-34-2 (5) provides:

" 'Insured' means, in addition to the insured named in the policy, his spouse and children if residing in the same household, the relatives of either the insured or his spouse if residents of the named insured's household, any pedestrian struck by the insured vehicle, and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse. The term shall also include the named insured, his spouse, and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is not similarly insured as required by paragraph (2) of subsection (a) of Code Section 33-34-4."

carrier the option of discharging an existing obligation to an insured who has incurred expenses within the meaning of the Act by making direct payment to the person or firm which has provided necessary products or services to the insured. Where the insured, as in these cases before us, has incurred no expenses and therefore has no obligation to pay the firm supplying services, there is no obligation for the no-fault carrier to discharge. United States v. Dairyland Ins. Co., 674 F2d 750 (8th Cir. 1982); Heusle v. Nat. Mutual Ins. Co., 628 F2d 833, supra.

3. Nor do we think that *Atlanta Cas. Co. v. Jones*, 247 Ga. 238 (275 SE2d 328) (1981), Gregory, Justice, dissenting, authorizes a recovery by the United States in this case. In *Atlanta Casualty* the minor child had an individual and undisputed right, as an injured pedestrian, hence an insured, to recover medical expenses from the no-fault carrier. The procedural issue before this court was whether the minor child or her mother was the proper party to bring the suit. A majority of this court held the child's mother could bring the suit in the child's place because the mother was legally responsible for providing for the child, OCGA § 19-7-1, the child had incurred medical expenses, and the child had an independent substantive right to recover.

In these cases, however, the government may not stand in the place of the insured because the insured, having incurred no expenses, has no independent, substantive right to bring suit.

4. We decline to follow the reasoning of United Services Auto. Assn. v. Holland, 283 S2d 381 (Fla. D. Ct. App. 1973) and its progeny[4] as urged by the United States. In Holland the court analyzed the Florida no-fault insurance act, determining that its purpose was to substitute the injured party's insurance company for the tortfeasor against whom the injured party would ordinarily have proceeded. Reasoning that if the insured's claim had been made against the actual tortfeasor, the United States could intervene and claim recovery for the value of medical services under the Federal Medical Care Recovery Act, 42 USC § 2651,[5] the court concluded that this right

---

[4] See, e. g., United States v. Criterion Ins. Co., 596 P2d 1203 (SC Colo. 1979); United States v. GEICO, 605 F2d 669 (2nd Cir. 1979).

[5] The Federal Medical Care Recovery Act, 42 USC § 2651, provides in pertinent part, "In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has

should not be extinguished simply because the no-fault insurance law immunizes the tortfeasor from liability and substitutes the no-fault carrier for the tortfeasor. Rather the court held, "the insured should be entitled to employ against its insurance carrier all provisions of law which he is in other circumstances permitted to employ against his tortfeasor in seeking recovery of damages suffered by him." 283 S2d at 384.

We subscribe, however, to the position taken by the New Jersey Appeals Court, and reject the notion that it was the intention of the Georgia legislature in enacting the no-fault law "to make no-fault carriers universal tortfeasors for their insureds. The carrier's liability springs from contract, not tort, the result of a consensual arrangement whereby for a premium specified obligations to its insureds are assumed. Its liability is without regard to fault and limited to the benefits described therein if consistent with statutory requirements. We perceive no theoretical justification for the fiction and no benefits to be derived therefrom by way of public policy." Sanner v. GEICO, 150 N.J. Super. 488 (376 A2d 180, 183-4) (1977).[6]

*Certified question answered in the negative. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Joe D. Whitley, Gregory J. Leonard, Chris G. Wittmayer,* for appellant.

*Bryan F. Dorsey, Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, William B. Hardegree,* for appellees.

---

against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished."

The Eleventh Circuit concluded, prior to certifying the question to this court, that the Federal Medical Care Recovery Act is not applicable to these cases.

[6] We point out that Congress by Act, or amendment to the Federal Medical Care Recovery Act, has the power to give the United States a cause of action against the no-fault carrier for reimbursement in these circumstances. See United States v. Dairyland Ins. Co., 674 F2d 750, 753 (8th Cir. 1982).