UNITED STATES of America,
Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY COMPANY,
Defendant-Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellee.

Nos. 83–8751, 83–8811
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 1984.

Gregory J. Leonard, Asst. U.S. Atty., Macon, Ga., Chris G. Wittmayer, HQDA (DAJA–LTT), OTJAG, Washington, D.C., for plaintiff-appellant in both cases.

---

Bryan F. Dorsey, Atlanta, Ga., for defendant-appellee in No. 83–8751.

William B. Hardegree, Albert W. Stubbs, Columbus, Ga., for defendant-appellee in No. 83–8811.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

In *United States v. Travelers Indemnity Co.*, 729 F.2d 735 (11th Cir.1984), after finding that this matter presented an important issue of Georgia law on which there was no clear, controlling precedent, we certified the following question to the Supreme Court of Georgia:

> Whether the United States can recover from an insured person's insurance company pursuant to the Georgia Motor Vehicle Accident Reparations Act, O.C.G.A. § 33–34–1 *et seq.*, for the reasonable cost of medical care provided the insured person (or his dependent) pursuant to 10 U.S.C. § 1074 *et seq.* as a result of a motor vehicle accident covered under the policy.

The Supreme Court of Georgia answered this question in the negative, determining that the United States was not an "insured" under the Georgia no-fault act, and that the Georgia legislature "intended that the no-fault carrier be required to pay only those expenses which are incurred by an *insured*." *United States v. Travelers Indemnity Co.*, 253 Ga. 328, 320 S.E.2d 164 (1984). We are grateful to the Supreme Court of Georgia for its cooperation and assistance.

Since the law of Georgia is now clear, we affirm the district court's dismissal of the plaintiff/appellants' complaints for failure to state a claim upon which relief could be granted. AFFIRMED.