A92A1707. WEBB et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(427 SE2d 839)

BLACKBURN, Judge.

Patti Webb and her minor daughter Scheniquah Webb filed suit against State Farm Mutual Insurance Company to recover damages for injuries and losses Scheniquah Webb allegedly sustained when she was involved in a vehicle collision while a passenger in an automobile operated by State Farm's insured. State Farm moved for partial summary judgment as to Patti Webb's claims, and the trial court granted the motion. Patti Webb appeals.

In her complaint, appellant asserted a claim for economic loss she allegedly suffered as a result of her daughter's loss of wages during

the period she was injured. The issue presented on appeal is whether appellant is a person entitled to no-fault benefits under former OCGA § 33-34-1 et seq. so that she may bring an action under former OCGA § 33-34-6 (b) for recovery of the benefits. Former OCGA §§ 33-34-4 (2) (B) and 33-34-5 (a) (1) (B) provide for no-fault insurance coverage of certain portions of "the loss of income or earnings of the insured during disability." The persons to whom these benefits are payable are delineated in former OCGA § 33-34-7. The parent of a minor child to whom lost wage benefits are payable is not included in the list of payees in OCGA § 33-34-7 (a). Nor is such a parent included in the definition of "insured" set forth in former OCGA § 33-34-2 (5).

Notwithstanding this lack of no-fault coverage, appellant contends that under the analysis in *Atlanta Cas. Co. v. Jones*, 247 Ga. 238 (1) (275 SE2d 328) (1981), she should be considered to be a "person entitled" to no-fault benefits. We do not agree. In *Atlanta Cas.*, the mother of a minor child who had been struck by an automobile driven by the defendant insurance carrier's insured brought suit to recover expenses she incurred in the medical treatment of her child. The insurer sought dismissal of the complaint on the ground that the child was the real party in interest and thus the only proper plaintiff. The Supreme Court rejected this argument, reasoning that because the mother had paid the medical expenses pursuant to her legal obligation to provide necessaries for her minor child, the mother was entitled to assert the claim for payment of expenses incurred on behalf of the child. Id. at 239-240 (1).

In contrast, in the instant case appellant is not seeking to assert her right to recover no-fault benefits for covered expenses she incurred on her child's behalf. Instead, she is seeking to recover *in addition to* her child the same benefits that are payable to the child and for which a claim remains pending below. Appellant is asserting a separate and independent claim for the same lost wage benefits sought by and payable to her daughter. Nothing in *Atlanta Cas.* or the no-fault insurance law authorizes this double recovery of benefits sought by appellant. As the Supreme Court later explained in another case, in *Atlanta Cas.* the court was addressing the "*procedural* issue . . . whether the minor child *or* her mother was the proper party to bring the suit. A majority of this court held the child's mother could bring the suit in the child's place because the mother was legally responsible for providing for the child, OCGA § 19-7-1, the child had incurred medical expenses, and the child had an independent substantive right to recover." (Emphasis supplied.) *United States v. Travelers Indem. Co.*, 253 Ga. 328, 330 (3) (320 SE2d 164) (1984). *Atlanta Cas.* did not create a substantive right of the parent to recover in addition to the child, but merely held that under certain circumstances the right of action may lie with *either* the parent *or* the

child.

Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993.

*Kendall & Dixon, E. Earle Burke,* for appellants.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Houston D. Smith III,* for appellee.

