71244. ANDERSON v. UNITED STATES FIDELITY & GUARANTY COMPANY.
(339 SE2d 660)

SOGNIER, Judge.

United States Fidelity and Guaranty Company (USF&G) filed a declaratory judgment action seeking to be discharged from its duty to defend its insured, Robert Anderson. The trial court determined that the language of the insurance policy discharged USF&G from its duty to defend Anderson. Anderson appeals.

Several suits were filed against appellant by parties allegedly injured in a multiple-vehicle collision in which appellant was involved. Three claims were settled by appellee; three other claims were filed in courts below and are still pending. Appellee paid the balance of coverage remaining under the policy into the registry of the trial court and, by means of this action, sought to be discharged from defending appellant under a provision of the policy which provided, in pertinent part:

"We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. *In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. . . .*

"The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

"1. Covered persons;

"2. Claims made;

"3. Vehicles or premiums shown in the Declarations; or

"4. Vehicles involved in the accident." (Emphasis supplied.)

The sole issue in this case is whether an insurer is relieved of its obligation to defend its insured by paying the policy limits into court. "At the outset we recognize that the insurer's undertaking with respect to defense of the insured must be determined by the particular contract of insurance between the parties. We examine the policy to determine whether it imposes a continuing duty to defend under the facts here." *Liberty &c. Ins. Co. v. Mead Corp.*, 219 Ga. 6, 8 (131 SE2d 534) (1963). After reviewing the subject policy provisions and the uncontroverted facts of this case, we are convinced that appellee was under a duty to defend appellant; therefore, the declaratory judgment of the trial court which held that appellee owed no such duty to defend appellant is reversed.

In *Liberty &c. Ins. Co.*, supra, cited by both parties, the insurer had paid the full policy limit of liability in compromise and settlement of two of the claims against its insured with the insured's consent and contribution. Construing the language of the insurance policy there, and citing with approval the holding in *Lumbermen's Mut. Cas. Co. v. McCarthy*, 90 N.H. 320 (8 A2d 750), the Supreme Court determined that no duty to defend any remaining claims and suits existed. Id. at 12. The facts of the case sub judice distinguish it from *Liberty &c. Ins. Co.* in that neither settlement nor judgment have exhausted the policy limits. Instead, appellee has tendered into court the remainder of its policy limits and withdrawn from the defense of the claims against appellant, without the consent of appellant and without a determination of the liability of appellant. "Although courts are divided on the question, Annot., 27 A.L.R.3d 1057 (1969), the general rule is that an insurer is not absolved of its duty to defend in the latter situation where the policy limits are tendered [into court], without the consent of the insured, prior to settlement or judgment. [Cit.]" *Samply v. Integrity Ins. Co.*, 476 S2d 79, 81 (Ala. 1985).

The language of the policy is clear and unambiguous. There is no intimation in the policy that its duty to defend may be satisfied merely by paying into court the applicable policy limits. To read the policy otherwise would render a near nullity a most significant protection afforded by the policy — that of defense. See *Simmons v. Jeffords*, 260 FSupp. 641, 642 (E.D. Pa. 1966). We do not agree with appellee that the term "exhaust" encompasses the paying into court of the policy limits, but interpret that term to mean the payment either of a settlement or of a judgment wholly depleting the policy amount.

" '[T]he insurer's duty is both to defend actions *and* to pay judgment against the insured. Otherwise, where the damages exceed the policy coverage, the insurer could walk into court, toss the amount of

the policy on the table, and blithely inform the insured that the rest was up to him. This would obviously constitute a breach of the insurer's contract to defend actions against the insured, for which premiums had been paid, and should not be tolerated by the courts.' " *National Cas. Co. v. Ins. Co. of North America*, 230 FSupp. 617, 622 (N.D. Ohio 1964). The language of the insurance policy does not permit appellee to discharge its duty to defend its insured in such a manner, and although we have found it unnecessary to rely upon anything beyond the policy itself in reaching our decision, this decision is supported by the above-cited persuasive authorities. Accordingly, the trial court's order is reversed.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1986.

*G. Keith Murphy*, for appellant.
*H. Hoyt Whelchel, Jr.*, for appellee.