**Margie Thomas HENDLEY,**
**Plaintiff–Appellee,**

v.

**AMERICAN NATIONAL FIRE**
**INSURANCE COMPANY,**
**Defendant–Appellant.**

**No. 87–8180.**

United States Court of Appeals,
Eleventh Circuit.

April 11, 1988.

Clayton H. Farnham, Atlanta, Ga., for defendant-appellant.

Doremus & Jones, Bobby Jones, Metter, Ga., for plaintiff-appellee.

Before HILL and FAY, Circuit Judges, and ALLGOOD *, Senior District Judge.

* Honorable Clarence W. Allgood Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

HILL, Circuit Judge:

In 1984, a major storm damaged Margie Hendley's home in Statesboro, Georgia. Hendley gave notice of the loss to her insurance company, American National Fire Insurance Company, and demanded adjustment of her claim. American National refused to pay the claim, maintaining that Hendley had no cause of action against it because she had failed to comply with terms of her insurance contract requiring her to give timely notice of claims and to make repairs to protect her property from additional damage.

Hendley sued American National, claiming $117,583.48 in damages. The judge directed a verdict as to $7,240.00, and a jury returned a verdict in favor of Hendley in the amount of $69,473.87 in damages, $17,368.46 in bad faith penalties, and $20,000.00 in attorneys' fees.

American National appeals the judgment on three grounds. First, the insurance company argues that the district judge should not have stricken its defense alleging that Hendley concealed and misrepresented material facts about the insurance claim which she made. Secondly, it contends that the trial court erred in submitting to the jury the question of insurer bad faith. Finally, American National insists that the district court should have granted its motion for judgment notwithstanding the verdict as to the question of insurer bad faith where the jury awarded only 59% of the damages which plaintiff requested.

## I. THE DEFENSE OF INTENTIONAL CONCEALMENT AND MISREPRESENTATION.

In a pre-trial conference the district judge determined that American National had not pled its allegations of fraud against Hendley with the particularity required for fraud claims by F.R.C.P. 9(b). The judge granted defendant a "few days" to supplement the pleadings. Over forty days later the defendant had not made any supplementation, and the judge struck the fraud defense on the basis of Rule 9(b).[1]

Defendant now asserts that the fraud claim should have been allowed to stand. First, it argues that because the fraud claim arose pursuant to the contract between the two parties, it should be considered a contract claim rather than a fraud claim governed by 9(b). In supporting this contention, defendant points to two cases which have held that an insurance company need not demonstrate that it relied on fraudulent misrepresentations in order to invoke a specific provision of an insurance contract voiding the coverage for fraud. *Chaachou v. American Central Insurance Company*, 241 F.2d 889 (5th Cir.1957); *American Diver's Supply & Manufacturing Corp. v. Boltz*, 482 F.2d 795 (10th Cir.1973).

The rationale behind those two decisions does not extend to the issue at hand, however. The Tenth Circuit explained the rationale behind the decisions:

> [T]o require detrimental reliance would have the practical effect of requiring the insurance company to always pay the damage claim first, even though it may have cause to suspect that it is false, and, if the subsequent investigation proved the claim to be false, then attempt to recover the entire payment at a later time from an insured who has already shown himself to be unreliable.

*American Diver's*, 482 F.2d at 798. Consequently, where "[t]he contract does not spell out that it is only false swearing, misrepresentation, concealment or fraud which is successful that avoids the policy" (*Chaachou*, 241 F.2d at 892), the court has no "reason why any such condition should be read into [the contract]." *Id.*

■ The rationale of the two cases does not reach the issue at hand. First, when the court demands that fraud be pled with particularity, it does not read any provision into the contract between the insurer and the insured; instead, it applies an external, purely procedural rule to the contract as it stands. Secondly, requiring the insurer to plead fraud more specifically will not force

---

1. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b).

it to pay claims which it suspects may be false. The insurer remains free to deny the claim so long as it understands that it must give the court and the opposing party a reason why it did so. In essence American National attempts to convince us that fraud is not always fraud. We disagree.

American National next contends that the district court erroneously concluded that its pleadings lacked the particularity mandated by 9(b). After a careful examination of the record, we differ; American National steadfastly refused to offer specifics about the fraud claims it made. Contrary to appellant's assertions, the resistance continued through the pretrial order; appellant never earmarked any facts as demonstrative of fraud. The appellant's refusal was particularly telling in the face of the failure to avail itself of the extension of time which the district court granted it.

## II. THE QUESTION OF INSURER BAD FAITH

Appellant next contends that the district court improperly submitted to the jury the question of insurer bad faith. Appellant claims that the court focussed on the facts supporting the plaintiff's case, rather than on the defenses submitted by the defendant. Appellant asks this court to eschew any inquiry into the ultimate question of bad faith, and instead to consider whether or not the parties had a legitimate dispute.

The Georgia Supreme Court, however, has determined that the fact that the parties have a dispute as to liability will not preclude liability for bad faith penalties: "we disapprove the rule that a finding of bad faith is not authorized if the evidence would have supported a verdict in accordance with the contentions of the defendant." *Colonial Life and Accident Ins. Co. v. McClain,* 243 Ga. 263, 253 S.E.2d 745, 746 (1979). The court explained that: "the proper rule is that the judgment should be

affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Id.*

As we read Georgia law at this time, an insurer is guilty of "bad faith" when it refuses, on grounds which are "frivolous and unfounded and ... asserted without reasonable and probable cause" [*Progressive Cas. Ins. Co. v. Avery,* 165 Ga.App. 703, 302 S.E.2d 605 (1983)], "to pay the claim within sixty days after a demand had been made." *Fortson v. Cotton States Mutual Insurance Co.,* 168 Ga.App. 155, 308 S.E.2d 382, 385 (1983). It therefore appears that, if Hendley produced "any evidence" to demonstrate that the defenses raised by the insurer as reasons not to make prompt payment were frivolous, then the judgment of the district court must be upheld unless it can be said that the insurer's defenses were reasonable as a matter of law.

Apparently the district court implicitly found that Hendley had presented some factual information which tended to show that the insurer's defenses were indeed frivolous.[2] With this unstated conclusion we concur. Hendley presented testimony that she notified the insurance company of the loss, and that she took all the necessary precautions to protect her property; neither party disputes that the insurance company refused to pay the claims within the 60 days following the filing of the claim, and that it based this refusal on her failure to file timely notice and to protect her property from additional harm.[3]

The district court examined the defenses of the insurer, and determined that neither could be held reasonable as a matter of law. While the defenses provided "a genuine dispute" (R2–375), *Colonial Life* estab-

---

2. In argument over the defendant's motion for a directed verdict, when the plaintiff submitted to the court that "there has been a substantial amount of evidence submitted to this jury as to the handling of this claim by the carrier," the district judge responded: "I don't require a recitation." R2–365.

3. From its conclusion we can presume that the jury agreed that Hendley had presented enough evidence to support bad faith penalties against American National.

lished that a defense is not to be accepted merely because "evidence would have supported a verdict in accordance with the contentions of defendant." *Colonial Life,* 253 S.E.2d at 746. Only a very finely-drawn distinction separates the insufficient defense from the one which, "as a matter of law," *id.,* "raises a reasonable question of law or a reasonable issue of fact." *Id.* On the facts of this case the district court did not err in concluding that the defenses of the insurer were insufficient to bar bad faith penalties.

## III. THE QUESTION OF ATTORNEYS' FEES AND COSTS

Georgia long has permitted insureds to collect bad faith penalties and attorneys' fees from insurers who refuse to pay the amount claimed. The special penalties are not awarded where the verdict received by the plaintiff is "for substantially less than the amount claimed in the proof of loss and less than the amount demanded in the petition". *Georgia Farm Bureau Mutual Insurance Co. v. Boney,* 113 Ga.App. 459, 148 S.E.2d 457 (1966). At an early stage, however, the Georgia courts carved an exception into this latter rule:

> A failure on the part of the insured to recover the full amount claimed and sued for will not, after a denial of any liability whatsoever by the insurance company, preclude the insured from recovering against [it] such penalty or attorney's fees on account of any bad faith on the part of the insurance company in refusing to pay the loss.

*Central Mfrs.' Ins. Co. v. Graham,* 24 Ga.App. 199, 99 S.E. 434, 435 (1919). *See also New York Life Insurance Co. v. Williamson,* 53 Ga.App. 28, 184 S.E. 755, 761 (1936); *Canal Insurance Company v. Winge Brothers,* 97 Ga.App. 782, 104 S.E. 2d 525, 529 (1958); *Hanover Insurance Company v. Hallford,* 127 Ga.App. 322, 193 S.E.2d 235, 237 (1972).

█ American National argues that the exception ought not to apply to the situation here, where the insurer both denied any liability and contested the amount due. We disagree. In each of the cases cited above, the issue of whether the insurer owed bad faith penalties and fees arose precisely because the insured received a verdict for less than the amount claimed. Presumably in each of those cases the plaintiff failed to recover the full amount for which he sued because the insurer disputed the amount claimed, just as American National did here. Nevertheless, in each of those cases a Georgia court applied the principle that the insurer who completely denies liability may be held liable even when the insurer has successfully reduced the plaintiff's original claims. *See also Berry v. Federal Kemper Ins. Co.,* 621 S.W.2d 948, 953 (Mo.Ct.App.1981) ("if both the amount due and the liability under the policy are disputed, then if plaintiffs recover less than sued for, that does not preclude vexatious recovery").

We find no merit in any of the three grounds proposed by defendant. The decision by the district court is

AFFIRMED.