AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, GEORGIA, a Georgia Corp., Plaintiff–Appellee,

v.

UNITED STATES FIRE COMPANY, and Boston Old Colony Insurance Company, Defendants–Appellants.

No. 88–8755.

United States Court of Appeals, Eleventh Circuit.

Oct. 10, 1989.

John W. Denney, Bradford C. Dodds, Kelly, Denney, Pease & Allison, Columbus, Ga., for U.S. Fire Co.

Forrest L. Champion, Jr., Champion & Champion, Albert W. Stubbs, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for plaintiff-appellee.

Michael Hufft, Kansas City, Mo., H. Baxter Harcourt, Columbus, Ga., for Boston Old Colony Ins. Co.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

This case arises on appeal from the entry of judgment after a jury trial in favor of the plaintiff, American Family Life Assurance Company of Columbus, Georgia ("American Family"), against two insurance companies, on claims brought under Georgia law for attorney's fees incurred by American Family in defense of a Missouri suit alleging American Family had engaged in malicious prosecution, for attorney's fees incurred in suits to recover these attorney's fees, and for prejudgment interest. We affirm in part, reverse in part, and remand.

## I. FACTS

This case has a complicated history. The first relevant event occurred when American Family brought suit against the former Governor of Missouri, Joseph P. Teasdale, alleging tortious interference with contract rights and utterance of injurious falsehoods stemming from Teasdale's actions, taken while governor, banning the sale of cancer insurance ("case 1"). The trial court entered judgment in favor of defendant and granted defendant's post-judgment motion for attorney's fees because the court found the suit vindictive and frivolous. *American Family Life Assurance Co. v. Teasdale,* 564 F.Supp. 1571 (W.D.Mo. 1983), *aff'd,* 733 F.2d 559 (8th Cir.1984).

On July 29, 1983, Governor Teasdale filed suit against American Family in the Western District of Missouri alleging malicious prosecution and abuse of process ("case 2"). At this time, American Family

had a $500,000 liability insurance policy with Boston Old Colony Insurance Company ("Boston Old Colony"), and a $9 million excess insurance policy with United States Fire Insurance Company ("U.S. Fire"). Both policies had clauses providing that the insurance carriers would defend suits filed against American Family. On August 10, 1983, twelve days after Teasdale filed suit, American Family notified Boston Old Colony and U.S. Fire of the suit and requested each to provide a defense. On August 19, 1983, Boston Old Colony denied coverage of liability in the insurance policy but agreed to defend American Family in Teasdale's suit. On August 29, 1983, U.S. Fire denied both coverage and its obligation to defend.

On May 29, 1984, American Family notified Boston Old Colony and U.S. Fire that their denial of coverage had created a conflict of interest in response to which American Family had obtained its own legal representation. On June 20, 1984, U.S. Fire filed a declaratory judgment action in federal district court in the Western District of Missouri seeking a declaration that it was not liable either to American Family or to Teasdale ("case 3"). Boston Old Colony intervened in this suit. On December 13, 1984, the Missouri district judge stayed the proceedings in the declaratory judgment action pending resolution of Teasdale's suit against American Family.

On May 15, 1985, American Family filed suit against Boston Old Colony and U.S. Fire in federal district court in the Middle District of Georgia ("case 4"). In Count I, American Family sought to recover attorney's fees it had incurred in defense of Teasdale's suit. In Count II, American Family sought a declaratory judgment interpreting its rights and obligations under the insurance contracts with Boston Old Colony and U.S. Fire. American Family also sought to recover attorney's fees and expenses incurred in cases 3 and 4 on the basis of bad faith by Boston Old Colony and U.S. Fire in denying coverage in those two actions.

On June 26, 1985, the Georgia district court granted partial summary judgment in favor of American Family in case 4. The court first applied Georgia choice-of-law rules and determined that Georgia law governed the construction, validity, and interpretation of the insurance contracts. The court then held that under these contracts both Boston Old Colony and U.S. Fire had the duty to defend American Family in Teasdale's suit. The district court further found that, because Boston Old Colony and U.S. Fire had denied coverage, a conflict of interest existed between the insurers, Boston Old Colony and U.S. Fire, and the insured, American Family, such that American Family was justified in obtaining independent counsel. Finally, the district court held that American Family could negotiate settlement with Teasdale and that Boston Old Colony and U.S. Fire would be bound by any reasonable settlement.

The district court certified final judgment on October 25, 1985, and defendants appealed. During the pendency of this appeal, the district court in the Western District of Missouri transferred U.S. Fire's declaratory judgment action against American Family to the Middle District of Georgia under 28 U.S.C.A. § 1404(a). Upon transfer, the district judge in the Middle District of Georgia consolidated the cases, and shortly thereafter the parties settled Teasdale's suit. This Court dismissed defendants' appeal from the grant of summary judgment for lack of subject matter jurisdiction based on mootness, because the claims for coverage had been settled, and based on a lack of finality, because the amount of attorney's fees claimed had not yet been determined. *American Family Life Assurance Co. v. United States Fire Insurance Co.*, 794 F.2d 629 (11th Cir. 1986). This Court remanded the case to the district court for further proceedings on the attorney's fees issue. On July 31, 1987, Boston Old Colony filed a cross-claim against U.S. Fire for contribution and indemnification, and U.S. Fire counter-claimed.

The Georgia district court held a jury trial between June 20, 1988, and June 27, 1988, on the issue of defendants' liability for American Family's attorney's fees. The jury returned a verdict in favor of

American Family against both defendants in the amount of $753,416.08. The jury awarded $294,930.80 in attorney's fees and expenses incurred in defending Teasdale's suit (case 2). The jury found that both defendants had denied coverage in bad faith; the jury awarded $39,303.21 for attorney's fees and expenses incurred in connection with the declaratory judgment action originally brought in Missouri (case 3), and $419,182.07 in fees and expenses incurred in the action brought in the Middle District of Georgia (case 4). The jury granted an award of prejudgment interest on all claims. On August 2, 1988, after calculating the interest to total $111,502.69, the district court entered final judgment in favor of American Family in the amount of $864,919.07. The district court also denied Boston Old Colony's cross-claim against U.S. Fire and U.S. Fire's counterclaim. Subsequent to entering judgment, the district court denied defendants' motions for judgment notwithstanding the verdict and for a new trial. Boston Old Colony and U.S. Fire appeal.

## II. DISCUSSION

Boston Old Colony and U.S. Fire moved for judgment notwithstanding the verdict on all claims brought by American Family on which the jury rendered a verdict in favor of American Family. The review of a jury verdict on a motion for judgment notwithstanding the verdict is provided in *Boeing Company v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc):

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and

fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.

*See generally Watts v. Great Atlantic and Pacific Tea Co.*, 842 F.2d 307, 309–10 (11th Cir.1988) (applying *Boeing Co.*). On appeal from the jury verdict, this Court applies the same standard. This Court will accept the jury verdict if there exist probative facts in the record to support it. *See Fitzgerald v. McDaniel*, 833 F.2d 1516, 1519 (11th Cir. 1987).

### A. *Attorney's Fees in Teasdale's Suit*

#### 1. Choice of Law

The question of which state's substantive law applies in a case is a question of law entitled to independent review on appeal. *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1516 (11th Cir.1985). In diversity cases, the choice-of-law rules of the forum state determine which state's substantive law applies. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Federal jurisdiction in this case is based on diversity, and Georgia was the forum state. Under Georgia choice-of-law rules, interpretation of insurance contracts is governed by the law of the place of making. *Avemco Insurance Co. v. Rollins*, 380 F.Supp. 869, 872 (N.D.Ga.), *aff'd without opinion*, 500 F.2d 1182 (5th Cir. 1974). Insurance contracts are considered made at the place where the contract is delivered. *Id.; see Casey Enterprises, Inc. v. American Hardware Mutual Insurance Co.*, 655 F.2d 598, 602 (5th Cir. Unit B 1981) ("Under Georgia law the place of the delivery of the insurance contract controls."). The insurance contracts in this case were delivered in Georgia. Consequently, Georgia substantive law controls.

Defendants argue that Missouri choice-of-law rules should be applied because U.S. Fire's declaratory judgment action against American Family was transferred under 28 U.S.C.A. § 1404(a) from the Western Dis-

trict of Missouri to the Middle District of Georgia. The Court in *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 991 (11th Cir. 1982), stated the general rule to apply in these circumstances: "When a defendant moves successfully for a transfer to a more convenient forum under 28 U.S.C.A. § 1404(a), however, the transferee court must apply the same state law that the transferor court would have applied." *See also Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). We disagree that this rule compels application of Missouri's choice-of-law rules in this case. The transfer of the declaratory judgment action from Missouri to Georgia did not alter the substantive law to be applied in the Georgia case, and the coverage issues raised in the Missouri action became moot upon settlement. *See American Family Life,* 794 F.2d at 630. We conclude that the district court correctly applied Georgia choice-of-law rules and Georgia substantive law to American Family's claim for attorney's fees in Teasdale's suit.

### 2. Boston Old Colony

■ Boston Old Colony's insurance contract with American Family included a clause imposing on Boston Old Colony the duty to defend claims against American Family. Although the duty to defend is coextensive with coverage, *see Ezell v. Hayes Oilfield Construction Co.,* 693 F.2d 489, 494 (5th Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983), the obligation to defend is a separate contract right that exists independent of the insurer's liability for the face value of the policy. *See Hall v. Allstate Ins. Co.,* 880 F.2d 394, 399 (11th Cir.1989). The policy covered Teasdale's claims against American Family. *See Greenwood Cemetery, Inc. v. Traveler's Indemnity Co.,* 238 Ga. 313, 232 S.E.2d 910 (1970). Boston Old Colony's tender of its policy limits did not relieve it of its obligation to provide a defense. *Anderson v. United States Fidelity and Guaranty Co.,* 177 Ga.App. 520, 339 S.E.2d 660, 661 (1986). Under the terms of the contract, then, Boston Old

Colony was obligated to defend American Family in Teasdale's suit.

■ Boston Old Colony offered to provide a defense at the time it denied coverage. The duty to provide a defense, however, was contingent upon coverage. *St. Paul Fire and Marine Ins. Co. v. Mitchell,* 164 Ga.App. 215, 296 S.E.2d 126, 127 (1982). When Boston Old Colony denied coverage, it created a conflict of interest between itself and American Family. *See* 7C *J. Appleman, Insurance Law and Practice* § 4685.01, at 139–40, and § 4686, at 175 (1979); *cf. Boyd Bros. Transp. Co. v. Fireman's Fund Insurance Cos.,* 729 F.2d 1407, 1410 (11th Cir.1984) (under Georgia law, attorney hired by insurance company to represent insured is agent of the insurance company). The existence of a conflict of interest would have justified American Family in rejecting Boston Old Colony's offer to provide a defense. *Cf. Ezell,* 693 F.2d at 494; *see generally* 7C *J. Appleman, supra,* § 4685.01, at 139 ("where a conflict of interest exists between the insurer and the insured in the conduct of the defense of the action brought against the insured, the insured has the right to refuse to accept an offer of the counsel appointed by the insurer ..."). In such circumstances, Boston Old Colony would have been obligated to pay for American Family's defense. *Hughes v. State Farm Mutual Automobile Insurance Co.,* 101 Ga.App. 443, 114 S.E.2d 61, 64 (1960); *see, e.g., Cay Divers, Inc. v. Raven,* 812 F.2d 866 (3rd Cir.1987).

■ This case is complicated because American Family did not reject Boston Old Colony's offer to provide a defense. Rather, American Family hired independent counsel to monitor and to aid in the defense. To the extent counsel participated in the defense, Boston Old Colony is liable for the costs as part of its obligation to provide a defense. *See* 7C *J. Appleman, supra,* § 4685.01, at 140–41. To the extent American Family's counsel monitored the defense provided by Boston Old Colony, we conclude that Boston Old Colony is also liable for the costs as part of its obligation to provide a defense. Where an insured

hires co-counsel instead of rejecting the defense offered by the insurance company after an insurance company denies coverage but offers to provide a defense, it does not seem to us misplaced to put the burden on the insurance company to choose between denying a defense and providing a defense in cooperation with co-counsel retained by the insured. Consequently, we affirm the judgment entered against Boston Old Colony for expenses American Family incurred in connection with its defense of the Teasdale suit.

### 3. U.S. Fire

 U.S. Fire denied coverage and also refused to defend American Family. U.S. Fire argues that as American Family's excess insurance carrier it was not obligated to provide a defense. It is true that in the absence of a contractual obligation U.S. Fire as the excess insurance carrier was not obligated to provide a defense. *United States Fire Insurance Co. v. Capital Ford Truck Sales, Inc.,* 257 Ga. 77, 355 S.E.2d 428 (1987). In this case, however, there was a provision in the insurance contract imposing such an obligation on U.S. Fire.[1] Once Boston Old Colony denied coverage, U.S. Fire was contractually obligated to provide a defense. *See* 14 *Couch on Insurance 2d* § 51:36, at 446 ("But if the primary insurer denies coverage, the excess insurer would be obligated to defend."); *cf., e.g., Lamb Brothers Lumber Co. v. South Carolina Insurance Co.,* 186 Ga.App. 51, 366 S.E.2d 388 (1988); *see generally Garmany v. Mission Insurance Co.,* 785 F.2d 941, 945 (11th Cir.1986) (discussing rules of interpretation for excess insurance policies under Georgia law). Additionally, U.S. Fire became obligated to defend once it became clear that Boston Old Colony's policy would not cover American Family's liability. *See* 14 *Couch on Insurance 2d* § 51:36, at 446 ("But certain courts have held that the excess carrier must participate in the defense and share

in the costs of defense when it is clear that the potential judgment against the insured may be substantially greater than the amount of the primary policy limits."). Because U.S. Fire was contractually obligated to provide a defense, we conclude that U.S. Fire is liable for attorney's fees incurred by American Family in providing its own defense.

### B. *Attorney's Fees for Bad Faith*

#### 1. Missouri Law

 The jury rendered a verdict based on bad faith under Georgia law against Boston Old Colony and U.S. Fire for attorney's fees and expenses incurred by American Family in defense of the declaratory judgment action brought in Missouri. As a general matter, 28 U.S.C.A. § 2202 does not provide for attorney's fees and expenses incurred in defending declaratory judgment actions. *See generally Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, a federal court sitting in diversity should give effect to the forum state's rule regarding attorney's fees. *Id.* at 259 n. 31, 95 S.Ct. at 1622 n. 31. Thus, the Missouri district court would have applied Missouri law to determine whether American Family was entitled to attorney's fees in the Missouri declaratory judgment action. Although this case was transferred to the Middle District of Georgia prior to judgment, that transfer does not affect the analysis. The substantive law that applies in a suit originally brought in Missouri and transferred by the defendant or by the court under 28 U.S.C.A. § 1404(a) to Georgia should be determined according to Missouri's choice-of-law rules. *See La Quinta Motor Inns, Inc.,* 689 F.2d at 991; *see generally* 1 A Part 2 *Moore's Federal Practice Part 2* § 0.345[4.–5], at pp. 4349–50. The district court erred in applying Georgia's choice-of-law rules to this claim. We must deter-

---

**1.** The policy provided:
 Underlying Insurance. If underlying insurance is exhausted by any occurrence, the company shall be obligated to assume charge of the settlement or defense of any claim against the insured resulting from the same occurrence, but only where this policy applies immediately in excess of such underlying insurance, without the intervention of excess insurance of another carrier.

mine whether application of Missouri's choice-of-law rules would have resulted in choice of Georgia substantive law, and, if not, whether application of Georgia substantive law constitutes reversible error.

■ Missouri has adopted the most significant relationship test set out in the *Restatement (Second) Conflict of Laws* § 6. *See, e.g., Ashland Oil, Inc. v. Tucker,* 768 S.W.2d 595, 599 (Mo.App.1989). For casualty insurance policies, application of that test results in application of the substantive law of the principal location of the insured risk. *See Restatement (Second) Conflict of Laws* § 193. If there is no principal location of the insured risk, Missouri courts apply the factors listed in the *Restatement (Second) Conflict of Laws* § 188. Those factors are: (a) place of contracting; (b) place of negotiation; (c) place of performance; (d) location of the subject matter of the contract; and (e) the domicil, residence, nationality, place of incorporation, and place of business of the parties. If both the place of negotiation and the place of performance are in the same state, the law of that state generally should apply. *Id.* at § 188(3).

In this case, there was no principal location of the insured risk. American Fami-

ly's business is national in scope. Consequently, we must look to the factors set out in section 188 of the *Restatement* to determine which state's substantive law a Missouri court would have chosen. The place of delivery of the contract was Georgia; the premiums were paid in Georgia; American Family is located and incorporated in Georgia. Missouri, on the other hand, is simply the state where the incident giving rise to liability occurred. Balancing these factors, we conclude that Missouri would have applied Georgia law to the interpretation of this contract. Consequently, the district court did not err in applying Georgia law.[2]

2. Georgia Law

■ Under Georgia law, an insured is entitled to expenses incurred in actions brought to enforce the terms of an insurance contract against an insurance company if the insurance company has acted in bad faith, with fraudulent intent, or as a product of stubborn litigiousness in denying coverage or defense obligations. *Hilde v. United States Fire Insurance Co.,* 362 S.E.2d at 71; *see* O.C.G.A. § 13–6–13.[3] "Bad faith means any frivolous and unfounded purpose in law or in fact in refusing to undertake a contractually prom-

---

**2.** Even if a Missouri court would have applied Missouri law, defendants suffered no prejudice from the application of Georgia law. The substantive law of the two states is essentially the same. Under Missouri law, the tort of bad faith refusal to pay an insurance claim has been preempted by Rev.Stat.Mo. § 375.420. *See Halford v. American Preferred Insurance,* 698 S.W.2d 40 (Mo.App.1985). Section 375.420 provides in pertinent part:

If it appears from the evidence that such [insurance] company has refused to pay such loss without reasonable cause or excuse, the jury may, in addition to the amount thereof and interest, allow the plaintiff ... a reasonable attorney's fee and the court shall enter judgment for the aggregate sum found in the verdict.

Missouri law contains the same basic principle as Georgia law: an insurance company cannot refuse to pay a claim without reasonable cause. *Compare Hilde v. United States Fire Insurance Co.,* 184 Ga.App. 611, 362 S.E.2d 69, 71–72 (1987) *with DeWitt v. American Family Mutual Insurance Co.,* 667 S.W.2d 700, 710 (Mo. banc 1984); *Crewse v. Shelter Mutual Insurance Co.,* 706 S.W.2d 35 (Mo.Ct.App.1985).

**3.** Defendants argue that O.C.G.A. § 33–4–6 is the exclusive avenue in Georgia for an award of attorney's fees in disputes involving insurance contracts. Under O.C.G.A. § 33–4–6, an insurance company must pay an insured attorney's fees and costs if the insurance company in bad faith fails to pay a claim within 60 days after demand. This section is designed to penalize insurance companies for denial or delay in the payment of claims unless good cause is shown. *Georgia International Life Insurance Co. v. Harden,* 158 Ga.App. 450, 280 S.E.2d 863 (1981). Defendants argue that section 33–4–6 does not authorize an award of attorney's fees in this case because plaintiff failed to make a demand to either insurance company. However, section 33–4–6 is not the exclusive avenue for recovery of attorney's fees in Georgia. O.C.G.A. § 13–6–11 imposes liability for attorney's fees on a party in a contract action for bad faith or stubborn litigiousness. *See Hilde v. United States Fire Insurance Co.,* 184 Ga.App. 611, 362 S.E.2d 69, 71–72 (1987); *Glen Restaurant, Inc. v. West,* 173 Ga.App. 204, 325 S.E.2d 781 (1984).

ised defense assistance." *Hilde*, 362 S.E.2d at 72. If the insurance company raises a reasonable question of law or disputed issue of fact in refusing to fulfill a contractual obligation, however, the insurance company cannot have acted in bad faith as a matter of law. *Giles v. National Union Fire Insurance Co.*, 578 F.Supp. 376 (M.D.Ga.1984); *see Hightower v. General Motors Corp.*, 175 Ga.App. 112, 332 S.E.2d 336, 339 (1985) (bad faith damages under O.C.G.A. § 13–6–11 are not recoverable where there exists a bona fide controversy) (*citing Jeff Goolsby Homes Corp. v. Smith*, 168 Ga.App. 218, 308 S.E.2d 564 (1983)), *aff'd*, 255 Ga. 349, 338 S.E.2d 426 (1986). The issue of bad faith of an insurance company is a question of fact for the jury. *Binns v. Metropolitan Atlanta Rapid Transit Authority*, 250 Ga. 847, 301 S.E.2d 877, 878 (1983), *aff'd*, 252 Ga. 289, 313 S.E.2d 104 (1984). Once the jury has rendered its verdict on a bad faith claim, the scope of review is narrow: "[T]he judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Hendley v. American National Fire Insurance Co.*, 842 F.2d 267, 269 (1988) (quoting *Colonial Life and Accident Insurance Co. v. McClain*, 243 Ga. 263, 253 S.E.2d 745, 746 (1979)).

### a. *Missouri Action*

■ Defendants had a reasonable argument that Missouri law should control the interpretation and validity of the contract in the Missouri declaratory judgment action. Missouri was the forum state. It is generally rational to argue that the substantive law of the forum state should apply under the *Restatement*'s choice-of-law rules. Defendants also had a reasonable legal basis to bring the declaratory judgment action. This case involved claims for punitive damages. Under Missouri law, an insurance policy providing coverage for punitive damages violates public policy. *Crull v. Gleb*, 382 S.W.2d 17 (Mo.App. 1964); *accord Schnuck Markets, Inc. v. Transamerica Insurance Co.*, 652 S.W.2d 206 (Mo.App.1983). Therefore, defendants

had a reasonable legal basis for arguing that, as a matter of Missouri law, these policies could not provide coverage for the punitive damages claimed by Teasdale.

Teasdale's suit also involved claims for compensatory damages. Punitive damages are not compensatory in nature. *See Schnuck Markets, Inc.*, 652 S.W.2d at 209. Although defendants did not have the duty to defend the claim for punitive damages if the insurance contracts could not provide coverage for such damages, defendants did have the duty to defend the claim for compensatory damages within coverage of the insurance policies if not barred by some other Missouri public policy. *See Fidelity and Casualty Co. v. Wrather*, 652 S.W.2d 245, 248–49 (Mo.App.1983).

The tort of malicious prosecution under Missouri law contains an intent element. *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, 806–08 (Mo. banc 1984). Missouri law is unclear about whether liability for compensatory damages caused by intentional torts can be insured as a matter of public policy. In *White v. Smith*, 440 S.W.2d 497 (Mo.Ct.App.1969), the court held that "caused by accident" language in an insurance policy does not cover intentional torts. *Accord, Keeler v. Farmers and Merchants Insurance Co.*, 724 S.W.2d 307 (Mo.App.1987). The courts in *White* and *Keeler* did state in dicta that it was against Missouri public policy for an insurer to insure against liability for intentional torts. *See, e.g., White*, 440 S.W.2d at 507 ("as a matter of public policy, a liability insurance contract does not afford coverages for damage intentionally inflicted by the insured").

In light of these cases, we conclude that defendants had a good faith basis under Missouri law for bringing the Missouri declaratory judgment action to ascertain their rights and liabilities under these insurance contracts. The refusal to pay a disputed claim does not necessarily constitute bad faith. *See Beacon Industries, Inc. v. Vanderbunt Concrete, Ltd.*, 172 Ga.App. 573, 323 S.E.2d 871, 874 (1984). Defendants had a reasonable argument that their policies did not provide coverage for the liabili-

ty faced by American Family in Teasdale's suit. Defendants followed the sequence of actions the court in *Hilde* recommended an insurer take when the insurer discovers a set of facts that may constitute non-coverage. *Hilde*, 362 S.E.2d at 72. There is no indication of improper motives in filing or in intervening in the Missouri declaratory judgment action. In these circumstances, we conclude that defendants did not act in bad faith as a matter of law. Consequently, we reverse the judgment in favor of American Family for attorney's fees expended in connection with the Missouri declaratory judgment action.

### b. *Georgia Action*

██ In 1970, the Georgia Supreme Court ruled that damages caused by intentional torts were covered by an insurance policy containing the same language as the language used in Boston Old Colony's policy. *Greenwood Cemetery, Inc. v. Travelers Indemnity Co.*, 238 Ga. 232 S.E.2d 910 (1970). Although the language of U.S. Fire's policy is not identical to that of the insurance policy addressed in *Greenwood*, in light of the principle of that decision and the principle that insurance contracts are to be construed in favor of the insured, *Garmany*, 785 F.2d at 945, it is clear that U.S. Fire did not have a reasonable basis as a matter of law under Georgia law to deny coverage. Therefore, if it had been clear that Georgia law controlled the interpretation and effect of the insurance policy, defendants would not have had a reasonable argument for denying coverage.

At the time American Family filed the Georgia action, however, the Missouri declaratory judgment action was still pending. We have already concluded that defendants had a reasonable basis as a mat-

ter of law for filing that declaratory judgment action. The mere fact that American Family chose another forum in which to litigate the interpretation of its insurance contracts does not mean that defendants were obligated to relinquish the arguments they presented in the Missouri action. We conclude that defendants did not act in bad faith in denying coverage in the Georgia action in light of the pending Missouri action.[4] Consequently, we reverse the entry of judgment in favor of American Family for expenses incurred in connection with the Georgia action.

### C. *Prejudgment Interest*

██ The jury included prejudgment interest in its award of attorney's fees and expenses to American Family. Defendants argue that because these damages were not liquidated the jury could not award prejudgment interest. Under O.C.G.A. § 7-4-15, a claimant is entitled to statutory interest on liquidated damages.[5] A sum is liquidated under Georgia law when it becomes fixed and certain. *See generally Buchanan v. Bowman*, 820 F.2d 359, 362 (11th Cir.1987). In this case, American Family's demand for payment of attorney's fees did not become liquidated until judgment, because the amount of attorney's fees was not fixed and certain until that time. *See Marathon Oil Co. v. Hollis*, 167 Ga.App. 48, 305 S.E.2d 864 (1983). Consequently, the district court could not have awarded interest under section 7-4-15 in this case.

Section 7-4-15 is not dispositive on the issue of prejudgment interest. Prejudgment interest on unliquidated damages in a breach of contract action is governed by O.C.G.A. § 13-6-13.[6] The award of pre-

---

4. Defendants also denied their obligation to pay attorney's fees in the Teasdale action. Defendants' obligation for attorney's fees was contingent upon their obligation with respect to coverage. Because we conclude defendants had a good faith reason to deny coverage, we also conclude that defendants had a good faith reason to deny liability for attorney's fees incurred by American Family in connection with Teasdale's suit.

5. That section provides: "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of demand."

6. That section provides: "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery."

judgment interest under section 13–6–13 is a matter for the jury's discretion; in contrast, an award of prejudgment interest is made by the judge as a matter of law under section 7–4–15. *See United States on behalf of Delta Metals, Inc. v. R.M. Wells,* 497 F.Supp. 541, 546 (M.D.Ga.1980); *see generally Braner v. Southern Trust Insurance Co.,* 255 Ga. 117, 335 S.E.2d 547, 550 (1985). The district court properly allowed the jury to determine whether to award prejudgment interest on the unliquidated damages claimed by American Family as a result of Boston Old Colony's and U.S. Fire's breaches of their insurance contracts. *See generally Casey Enterprises, Inc. v. American Hardware Mutual Insurance Co.,* 655 F.2d 598, 604 (5th Cir. Unit B 1981). The jury awarded prejudgment interest on each claim. This does not constitute error.

### D. *Jury Instructions*

■ Boston Old Colony requested the district court to give the following instruction to the jury:

> "I charge you that Boston Old Colony may not give American Family Life Assurance Company of Columbus, Georgia a unilateral notice of reservation of rights and thereupon proceed with a complete defense of the *Teasdale v. American Family Life* case absent American Family Life Assurance Company of Columbus, Georgia's express or implied consent. I charge you that if you find that American Family Life Assurance Company of Columbus, Georgia expressly or impliedly consented to the defense under reservation of rights, then American Family Life Assurance Company of Columbus, Georgia cannot recover the legal fees and expenses incurred in monitoring the defense provided by the Knipmeyer, McCann, Fish and Smith law firm." *Richmond v. Georgia Farm Bureau Mutual Insurance Company,* 140 Ga.App. 214 [215, 231 S.E.2d 245] (1976).

The district court refused to give this instruction. Boston Old Colony argues this refusal constitutes reversible error.

■ In order to obtain relief on an appeal from the district court's denial of a requested jury charge, appellant has the burden of showing that the charge actually given failed to instruct the jury adequately. *See generally Dancey Co. v. Borg–Warner Corp.,* 799 F.2d 717, 721 (11th Cir.1986). Although a party has the right to have the jury instructed on the applicable law, a party does not have the right to any particular instruction. *Corey v. Jones,* 650 F.2d 803, 806 (5th Cir. Unit B 1981). The general rule is that if the entire charge as given adequately instructs the jury no harmful error is committed even though a portion of the charge may be imperfect. *Allison v. Western Union Telegraph Co.,* 680 F.2d 1318, 1323 (11th Cir.1982). Boston Old Colony makes no showing that the charge given was inadequate. We conclude that Boston Old Colony has failed to demonstrate that the charge given failed to instruct the jury properly, or that Boston Old Colony suffered any prejudice from the district court's failure to give the requested instruction.

### E. *Cross–Claim and Counterclaim*

Boston Old Colony filed a cross-claim against U.S. Fire for contribution and indemnification. The district court held that Boston Old Colony abandoned this claim by failing to present it to the jury. Additionally, the district court denied Boston Old Colony's cross-claim on the merits.

■ Boston Old Colony cites no authority to support its position that it was entitled to prevail on its cross-claim. Although Boston Old Colony may have tendered policy limits, that tender did not relieve it of its obligation to provide a defense. *See Anderson,* 339 S.E.2d at 661. It may be that once Boston Old Colony satisfies its obligation to American Family it would have a right to contribution from U.S. Fire. That claim, however, is premature at this point in the litigation. We hold that the district court properly denied Boston Old Colony's cross-claim against U.S. Fire.

■ U.S. Fire argued in a counterclaim to Boston Old Colony's cross-claim that Boston Old Colony, as the primary insurance carrier, had the primary duty to defend and that, because of that duty, Boston Old Colony alone should be liable for the costs incurred by American Family in providing its own defense. U.S. Fire also

declined to submit this claim to the jury, and thus abandoned it. Additionally, U.S. Fire in its brief cites no authority to support its challenge to the district court's denial of its counterclaim. U.S. Fire's duty to defend arose when the lawsuit implicated the excess coverage policy. The fact that Boston Old Colony had a concurrent obligation did not, by itself, relieve U.S. Fire of its obligation to defend. We conclude that the district court correctly denied U.S. Fire's counterclaim.

### III. CONCLUSION

The district court's entry of judgment in favor of American Family against Boston Old Colony and U.S. Fire in the amount of $294,930.80 for attorney's fees in the Teasdale suit (case 2) is AFFIRMED. The district court's entry of judgment in favor of American Family for attorney's fees on the basis of bad faith in the Missouri action (case 3) and in the Georgia action (case 4) is REVERSED. The case is REMANDED to the district court for recalculation of the prejudgment interest to be awarded to American Family. The district court's denial of Boston Old Colony's cross-claim against U.S. Fire is AFFIRMED. The district court's denial of U.S. Fire's counterclaim against Boston Old Colony is AFFIRMED.