[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-12299
Non-Argument Calendar

————————————————

D.C. Docket No. 2:15-cv-00287-SPC-CM

FRANK ANTHONY ZACCONE,

Plaintiff - Appellant,

versus

FORD MOTOR COMPANY,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(October 11, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Zaccone, proceeding *pro se*, brought a product liability case against Ford Motor Company alleging that the airbags in his 2006 Ford Escape had a manufacturing and design defect which caused them to fail to deploy, resulting in his own personal injuries and the death of his wife.  He also claimed that the roof structure and rollover protection system were defective.  The district court granted summary judgment in favor of Ford and Mr. Zaccone now appeals.  After careful review of the record, and liberally construing Mr. Zaccone's *pro se* brief, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), we affirm.

We review a grant of summary judgment de novo.  *See Tobinick v. Novella*, 848 F.3d 935, 943 (11th Cir. 2017).  "Summary judgment is [ ] warranted 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1343 (11th Cir. 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Like the parties, we apply Florida's substantive law on product liability.  *See, e.g., Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011); *Am. Family Life Assur. Co. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989).

Whether brought under a theory of negligence, breach of an implied warranty, or strict liability, a plaintiff in a product liability case must establish "(1) that a defect was present in the product; (2) that it caused the injuries complained

2

of; and (3) that it existed at the time the retailer or supplier parted possession with the product." *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1143 (Fla. 1st DCA 1981). Applying Florida law, the district court held that Mr. Zaccone had failed to provide evidence (in the form of expert testimony) that his Escape had a defect and also failed to prove that the defect caused his injury. On appeal, Mr. Zaccone contends that the district court erred by considering the testimony of Ford's accident reconstruction expert, Alan Moore. Mr. Zaccone is currently incarcerated due to a conviction for DUI manslaughter for this subject crash. He explains that "due to his present situation" he was "unable to provide his own reconstruction expert and relied solely on Mr. Moore's expertise."[1]

These arguments, however, do not negate Mr. Zaccone's duty as the plaintiff to "demonstrate that the injuries complained of were caused by a defective product[.]" *Rodriguez v. Nat'l Detroit, Inc.*, 857 So. 2d 199, 201 (Fla. 3d DCA 2003). *See also Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 n.9 (11th Cir. 2005) (noting that even if the plaintiff can prove that there was a defect, "a plaintiff still bears the burden to show that the defect caused his injuries"). Mr. Zaccone's initial brief does not challenge the district court's ruling that he failed to prove

---

[1] We note that the district court was cognizant of Mr. Zaccone's circumstance and made several accommodations to the schedule in light of it. As the district court noted, it twice extended the expert disclosure deadlines and permitted Mr. Zaccone to amend his complaint four times. We commend the district court for these efforts to give him an opportunity to prove his case. The record shows that Mr. Zaccone contacted various experts, but was unable to secure their testimony on his behalf.

causation. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). The failure to challenge an independent ground for the judgment below abandons it and requires affirmance. *See id.* ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."). Although "we read briefs filed by *pro se* litigants liberally," the same abandonment rule applies to them as well, so "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson*, 518 F.3d at 874. *See also Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying abandonment rule to *pro se* litigant).

For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**