[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14025
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00044-TES

JULIANNA BRANNEN,
as Trustee of the 1996 C. Bishop Brannen III Irrevocable Trust,
a.k.a. Jill,
SARAH-AVERILL BRANNEN,
CLINTON B. BRANNEN, IV,

Plaintiffs-Appellants,

versus

JACKSON NATIONAL LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 23, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

The appellants sought to recover under the decedent's life insurance policy. The insurance company denied coverage because the policy lapsed due to non-payment prior to the decedent's death. The appellants sued, arguing that the insurance company waived the lapse by accepting belated payment after the decedent died and retaining the funds for twelve days. Alternatively, they argued that the insurance company accepted an offer to enter into a new contract by endorsing and depositing their belated premium check. The district court rejected both arguments and granted summary judgment in favor of the insurance company. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bishop Brannen died on July 24, 2016. Prior to his death, Mr. Brannen failed to pay the premium on his life insurance policy, causing it to lapse. Hoping to recover the policy's $2.3 million in death benefits, Mr. Brannen's children and ex-wife (the Brannens) hired an attorney to send a demand to the insurance company. Among other things, the demand package included a two-page letter, a claim form, Mr. Brannen's death certificate, and a check for the past-due premium.

The insurance company received the demand package on March 15, 2017, at its corporate headquarters. The insurance company's mailroom endorsed the check

2

and scanned the contents of the package into an internal database. The scanned documents were then reviewed by the indexing department, which routed the documents to the proper departments.

After indexing, the demand letter and check went to the new business department. An employee noticed that the policy number written on the check corresponded to a policy owned by the insurance company but administered by a third-party. The check was then forwarded to another address for further processing. The check was deposited on March 22, 2017.

On March 27, 2017, an employee of the third-party administrator determined that the premium payment could not be applied towards Mr. Brannen's policy because the policy had lapsed. The employee directed that the payment be refunded. The same day, the insurance company printed a refund check for the premium payment and mailed it to the Brannens' attorney. The insurance company declined the Brannens' later requests for it to pay the policy's death benefits.

The Brannens sued the insurance company in the Middle District of Georgia. The insurance company moved for summary judgment, which the district court granted in full. In relevant part, the district court rejected the Brannens' argument that the insurance company waived the policy lapse by accepting the Brannens' belated premium payment and retaining the funds for twelve days. The district court

3

likewise rejected the argument that the insurance company accepted an offer to enter into a new contract by endorsing and depositing the Brannens' premium check.

## STANDARD OF REVIEW

"We review a grant of summary judgment de novo, applying the same standard as the district court." Newcomb v. Spring Creek Cooler Inc., 926 F.3d 709, 713 (11th Cir. 2019). That is, we must "view all of the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Id. (quoting Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 342 (11th Cir. 2012)). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

The Brannens argue that the district court erred in two respects: (1) by concluding there was no dispute of material fact that the insurance company did not waive the policy lapse; and (2) by concluding there was no dispute of material fact that the insurance company did not enter into a new contract by endorsing and depositing the Brannens' check. We address each argument in turn.

### Waiver of the policy lapse

Mr. Brannen's insurance policy lapsed because he failed to pay his premium on time. The Brannens argue that the insurance company waived the lapse by

4

knowingly depositing their check for the missing payment and retaining the funds for twelve days. Georgia courts[1] have long recognized that an insurance company's knowing retention of a belated premium payment can serve as an implied waiver of a lapse for non-payment. See, e.g., Ga. Masonic Mut. Life Ins. Co. v. Gibson, 52 Ga. 640, 642–43 (1874). Specifically, they have held that "[i]f an insurance company receives, accepts, and retains past-due premiums which are paid subsequent to the due date and expiration of the grace period, it renews the contract and waives the forfeiture for non-payments provided the acceptance is unconditional and the facts are known." Clark v. United Ins. Co. of Am., 404 S.E.2d 149, 152 (Ga. Ct. App. 1991) (quoting Causey v. Gulf Life Ins. Co., 8 S.E.2d 535, 536–37 (Ga. Ct. App. 1940)).

We have likewise applied these principles in determining whether a waiver occurred under Georgia law. See Rutland v. State Farm Mut. Auto. Ins. Co., 426 F. App'x 771 (11th Cir. 2011) (unpublished). In Rutland, the plaintiff was involved in a car accident after her auto insurance policy had lapsed due to non-payment. Id. at 773. The plaintiff attempted to report the accident to her insurance agent, and an

---

[1] The parties do not dispute that Georgia's substantive law applies in this diversity case. Cf. also Am. Family Life Assurance Co. of Columbus v. U.S. Fire Co., 885 F.2d 826, 830 (11th Cir. 1989) ("In diversity cases, the choice-of-law rules of the forum state determine which state's substantive law applies. . . . Under Georgia choice-of-law rules, interpretation of insurance contracts is governed by the law of the place of making. Insurance contracts are considered made at the place where the contract is delivered." (citations omitted)); Am. Compl. at ¶ 7 (alleging that "the life insurance policy in controversy was issued and delivered in Dooly County, Georgia").

employee in the agent's office told the plaintiff that the policy had lapsed. Id. The employee allegedly told the plaintiff that if she paid the past-due premium, her policy would be reinstated and the insurer would provide retroactive coverage for the accident. Id. After the plaintiff made the belated payment, the same employee again confirmed that the plaintiff would receive retroactive coverage. Id.

The insurer accepted the belated payment. See id. Later, the insurer sent a letter to the plaintiff informing her that it would not provide retroactive coverage for the accident. Id. About six weeks after accepting the belated payment, the insurer issued a refund to the plaintiff. See id. at 774.

On appeal, the plaintiff relied on Clark to argue that the insurer waived the policy lapse. Id. We held that Clark was distinguishable because, there, the insurer never refunded the late payment. Id. Thus, we held that the plaintiff's insurer "did not 'retain' a past-due premium as was the case in Clark." Id. Although the insurer held on to the plaintiff's late payment for "at least six weeks," we explained that "six weeks was not unreasonably long because [the insurer] needed first to determine that [the plaintiff's] payment was properly tendered." Id.

Similarly, we conclude that the insurance company did not improperly "retain" the Brannens' belated payment so as to waive the policy lapse. The insurance company held on to the payment for only twelve days. Despite the letter and other materials that accompanied the check, twelve days was not unreasonably

6

long for the insurance company to determine whether the payment was properly tendered.

We haven't overlooked Horace Mann Life Insurance Co. v. Lunsford, 324 S.E.2d 808 (Ga. Ct. App. 1984). There, too, the court concluded that an insurer waived a lapse in part because it retained a belated payment. But Horace Mann is plainly distinguishable because the insurance company retained the belated premium for almost two months—significantly longer than here and in Rutland—and the Georgia court relied on additional facts to conclude that there was a waiver. The court noted the insurance company twice extended the grace period for payments and sent inconsistent notices as to whether a lapse had occurred. Its "whole pattern of collecting premiums . . . indicate[d] a waiver of the due date." Id. at 811. There is no such pattern evidence in this case. Accordingly, the district court did not err in granting summary judgment on the Brannens' waiver argument.

### Entry into a new contract

The Brannens next argue that "[b]y cashing [their] check with full knowledge of its purpose, [the insurance company] created and breached a binding contract." More specifically, they argue that their "demand was a clear offer to [the insurance company] to accept the late premium in exchange for death benefits, forgoing bad faith litigation, and a report to the insurance commissioner." They claim that "[n]o

reasonable insurer could read the letter and package as anything other than a request for death benefits in exchange for the past-due premium and forgoing litigation."

However, the Georgia Court of Appeals has held that "[t]he acceptance of premiums after default does not create a new contract, but merely continues the binding effect of the original policy." Union Cent. Life Ins. Co. v. Merrell, 184 S.E. 655, 657 (Ga. Ct. App. 1936). To hold otherwise would mean that acceptance of belated premiums could result both in a revival of a lapsed contract and the formation of a new contract. Taken even further, it would mean that any insured could send a letter and check to their insurer and then bind the insurer to whatever "offer" the letter purportedly described when the check is deposited. Neither of these outcomes comports with our understanding of Georgia contract law.

## CONCLUSION

The district court correctly concluded there was no dispute of material fact that the insurance company did not waive the policy lapse and that the insurance company did not accept an offer to enter into a new contract. Accordingly, the district court did not err in granting summary judgment in the insurance company's favor.

**AFFIRMED.**

8